**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-10660

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

STACEY WYNN,

Defendant -Appellant.

Appeal from the United States District Court
For the Northern District of Texas

May 31, 2002

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Stacey Wynn appeals the dismissal, as time barred, of his motion filed pursuant to 28 U.S.C. § 2255. There is no doubt that the filing was tardy; the only issue is whether Wynn is entitled to equitable tolling.

I.

Wynn was convicted in January 1997 of conspiracy to possess and possession with intent to distribute cocaine and aiding and abetting. He was sentenced to 235 months imprisonment and five years supervised release. His conviction and sentence were affirmed on appeal. United States v. Freeman, 164 F.3d 243, 250 (5th Cir. 1999).

On January 2, 2001, Wynn filed a § 2255 motion alleging (1) ineffective assistance of counsel due to counsel's mental illness and chemical dependency, (2) a Brady[1] violation and denial of his right to confrontation, and (3) enhanced punishment without the requisite notice in light of Apprendi.[2] Wynn devoted several pages to arguing that he was entitled to equitable tolling of the one-year limitations period application to § 2255 motions. The government filed a response and motion to dismiss as untimely. Wynn's conviction became final on April 26, 1999, the deadline for filing a petition for certiorari. Absent equitable tolling, under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Wynn had until April 26, 2000 to file a § 2255 motion.[3]

The district court noted the following chronology of events cited by Wynn in support of his argument for equitable tolling:

> In a telephone conversation on January 6, 1999, between petitioner and his attorney on appeal, petitioner was advised by his appellate attorney that he would file a habeas corpus petition pursuant to § 2255 on petitioner's behalf claiming ineffective assistance of petitioner's trial counsel.

> Some time around or during May of 1999, petitioner was informed by his appellate attorney that he had filed the § 2255 motion and that a copy of the motion would be forwarded to petitioner.

> On June 8, 1999, petitioner wrote a letter to the clerk of this court inquiring into the status of his § 2255 motion and requesting copies of any and all motions filed on his behalf concerning his habeas petition.[4]

> On October 13, 1999, petitioner wrote a letter to the court inquiring into the

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] 28 U.S.C. § 2244.

[4] The district court noted that the record does not reflect that this letter was received by the court clerk, or if it was, that any action was taken.

2

status of his habeas petition and explaining that he had not heard from his appellate counsel in several months. At the request of the court, one of the court's law clerks responded by letter dated October 21, 1999, informing petitioner that the record did not reflect a petition for writ of habeas corpus had been filed, and advising petitioner that the court was not in the position to give him any legal advice with regard to the filing of such a petition.

On October 23, 1999, petitioner attempted to contact his appellant attorney in response to the court's letter of October 21, 1999, but was unable to reach him. Petitioner then contacted his father and requested that he relay to his appellate attorney the information provided by the court's letter of October 21, 1999.

On October 24, 1999, petitioner's father contacted petitioner's appellate attorney and informed him of the court's letter of October 21, 1999. Petitioner's appellate attorney responded by stating that "the reason the court clerk did not find anything in the record to show a habeas filing was because he, [petitioner's appellate attorney], had filed the habeas corpus petition directly with Judge McBryde and was awaiting a response from the Judge and we must be patient."

On August 24, 2000, after repeated unsuccessful attempts to contact his appellate attorney, petitioner asked his father to purchase a copy of the docket sheet, which revealed that no habeas corpus petition had been filed on petitioner's behalf.

On September 24, 2000, petitioner wrote a letter to the court explaining the above-chronicled events and seeking legal advice concerning his situation. By order signed October 16, 2001, the court made petitioner's letter of September 24, 2000, a part of the record and informed petitioner that the court was not in the position to give him legal advice. The court further informed petitioner that the timeliness of a § 2255 motion would only be considered if, and when, petitioner filed such a motion.

Wynn's motion was filed 78 days later.

Finding that Wynn was not entitled to equitable tolling, the district court dismissed Wynn's § 2255 motion as time-barred. The district court acknowledged that Wynn alleged deception by his attorney that a timely § 2255 motion had been filed on his behalf. It also acknowledged that such a situation may present a "rare and extraordinary circumstance" beyond Wynn's control that would warrant equitable tolling of the statute of limitations in this case, citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 237-38 (3d. Cir. 1999)(holding, with respect to Title VII's ninety-day

limitations period to file a complaint after a right to sue letter is issued, that a diligent client who persistently questioned the lawyer as to whether the complaint was filed on time and the attorney affirmatively misrepresented that he had, raises a sufficient claim of attorney abandonment to bring the case within the narrow line of cases in which lawyer misconduct justifies equitable tolling.) However, it declined to address whether such deception which Wynn contended was practiced on him can serve as a basis for equitable tolling, based on its conclusion that Wynn had not pursued the filing of his § 2255 motion with diligence and alacrity. The district court concluded that Wynn should have first ascertained that his § 2255 motion had not been filed as early as October 23, 1999, when the court responded to his inquiry that no petition was filed on his behalf. It further found that even if the petitioner's claim that his attorney misrepresented to him that the § 2255 motion was filed directly with chambers was credible, that petitioner waited ten months before sending his father to follow up by purchasing a docket sheet. The district court states that the petitioner should have been aware of the impending deadline imposed by the AEDPA and should have followed up with the district court before that deadline, especially given the lack of communication between petitioner and his appellate attorney.

This court granted Wynn's motion for COA. Stating that "Wynn has shown that jurists of reason would find it debatable whether the district court erred in finding his 28 U.S.C. § 2255 motion time-barred," this court concluded that Wynn "made a substantial showing of the denial of a constitutional right" and granted his motion for COA on the issue whether reliance of counsel's representation that a § 2255 motion has been filed is sufficient to warrant equitable tolling and, if so, for how long.

4

II.

A district court's decision with respect to equitable tolling is reviewed for abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The statute of limitations must not be applied too harshly. Id. Dismissing a first § 2255 motion or habeas petition is a "particularly serious matter." Id. In applying the doctrine of equitable tolling, we must examine the facts and circumstances of each particular case.

III.

The one-year limitations period of the AEDPA is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S.Ct. 1474 (1999). Equitable tolling is permissible only in "rare and exceptional circumstances." Id. This circuit has found several circumstances not to warrant equitable tolling: a prisoner's *pro se* status, inadequate prison library (Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000), citing United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993)); allegation of 43 days late notice of effectiveness of the AEDPA and 17 days in psychiatric evaluation (Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). This court has found equitable tolling when a petitioner was misled by the district court that upon dismissing an earlier timely petition without prejudice he would be allowed to refile at a later date. United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000). This court has also remanded a case to the district court for a hearing to determine if a petitioner can establish facts in support of his allegations for equitable tolling. Phillips v. Donnelly 216 F.3d 508, 511 (5th Cir. 2000) (Petitioner alleged late notice of denial of state habeas petition.)

We agree with the district court that Wynn's allegation that he was deceived by his attorney

5

into believing that a timely § 2255 motion had been filed on his behalf presents a "rare and extraordinary circumstance" beyond petitioner's control that could warrant equitable tolling of the statute of limitations. However, we disagree with the district court's conclusion that Wynn should necessarily have been on notice of his attorney's lack of action as of October 23, 2000 when he received the letter from the district court that no petition had been filed on his behalf. Based on Wynn's allegations, the deception of Wynn's attorney occurred after this date. After Wynn received the letter and was unable to successfully contact his attorney, he acted promptly to send his father to inquire as to the meaning of the letter. It was at that time that the attorney allegedly misled Wynn by telling his father that the petition had in fact been filed directly with the judge, explaining the lack of record in the clerk's office. His attorney allegedly told Wynn to wait patiently for action by the court.

Arguably, the communication Wynn received from the judge's office contradicted the statement his attorney made that he had filed Wynn's petition directly with the judge. This situation presents a close question as to whether Wynn was put on notice to make further inquiry despite the representations made by his attorney. The question is sufficiently close to warrant remand for factual findings as to the factual basis for Wynn's allegations and the reasonableness of Wynn's reliance of his attorney's representations and advice.

Based on our reading of the district court's opinion of May 10, 2001, no hearing was held and no factual findings made on Wynn's allegations. Our conclusion that equitable tolling may apply in this case assumes that Wynn can establish that his attorney misled his father by telling him that a habeas petition had been filed on his behalf and that Wynn reasonably relied on his attorney's misrepresentations as to the status of his case. We therefore REMAND the case to the district court

6

for a hearing on these issues.

IV.

For the reasons stated above, the district court's dismissal of Wynn's petition for habeas corpus as untimely is VACATED and REMANDED.