UNITED STATES of America,
Plaintiff–Appellee,

v.

SEALED APPELLANT 1,
Defendant–Appellant.

No. 02–41275.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

July 21, 2003.

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM.*

Gene Earl Pettaway (federal prisoner # 95088–080) moves this court for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion as untimely. To obtain a COA, Pettaway must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003).

Pettaway does not contest the district court's determination that his 28 U.S.C. § 2255 motion was not filed within the one-year period set forth in 28 U.S.C. § 2255(1). Rather, he argues that the period should have been equitably tolled due to counsel's "fraudulent representations" that he had filed a direct appeal. He correctly argues that the district court erred in determining that he did not file objections to the magistrate judge's report and recommendation, and it was in his objections that he first raised his argument concerning equitable tolling.

The one-year limitations period for filing 28 U.S.C. § 2255 motions is not jurisdictional and may be equitably tolled. *United States v. Wynn,* 292 F.3d 226, 229–30 (5th Cir.2002). Such tolling applies only in "rare and exceptional circumstances." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir.2000) (internal quotations and citation omitted). Mere attorney error or neglect is not an extraordinary circumstance warranting equitable tolling. *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). However, an attorney's intentional deception may warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. *See Wynn,* 292 F.3d at 230–31. In *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 2630, 156 L.Ed.2d 645 (2003), this court held that equitable tolling was not warranted where the movant's attorney gave him incorrect legal advice regarding the time for filing a 28 U.S.C. § 2255 motion. The court noted that the movant had presented no evidence that the attorney had intentionally deceived him. *Id.* at 799–800.

If Pettaway can prove his allegations, equitable tolling might be warranted and the 28 U.S.C. § 2255 motion might be considered timely filed. *See Wynn,* 292 F.3d at 230–31. Accordingly, Pettaway's motion for a COA is GRANTED on the limitations issue, and the judgment of the district court is VACATED and the case REMANDED so that the district court may address further the question of equitable tolling. Because Pettaway raises a number of facially valid claims regarding the denial of his constitutional rights, we remand the case rather than proceed to the second step of the COA analysis. *See e.g., Jefferson v. Welborn,* 222 F.3d 286, 289 (7th Cir.2000).

■ Pettaway also argues that his claims which are based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be considered timely because *Apprendi* should be applied retroactively. *Apprendi* is not retroactively applicable to cases on collateral review. *See United States v. Brown,* 305 F.3d 304, 310 (5th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1919, 155 L.Ed.2d 840 (2003). None of the authority cited by Pettaway overrules this court's holding. Thus, the grant of a COA is limited to the limitations issue.

COA GRANTED; VACATED AND REMANDED.