United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10857
Summary Calendar

_____

CECIL DON VINEYARD,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-173-C
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On November 7, 2002, we vacated and remanded this 28 U.S.C. § 2254 habeas proceeding to the district court for further findings of fact relevant to allegations by petitioner-appellant Cecil Don Vineyard, a Texas prisoner (# 931998), that he was entitled to equitable tolling of the one-year limitations period, 28 U.S.C. § 2244(d), applicable to habeas corpus petitions. On remand, the district court again dismissed Vineyard's petition as time-barred, concluding that Vineyard had failed to produce

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"credible evidence" that he was "deliberately or negligently informed by his [retained counsel Lance] Hall that" a petition for discretionary review ("PDR") was still pending in the Texas Court of Criminal Appeals, on direct appeal of Vineyard's 1994 conviction of possession of child pornography, or that Hall had misinformed Vineyard that he was working on Vineyard's 28 U.S.C. § 2254 petition. For the second time, we have granted Vineyard a certificate of appealability ("COA") on the issue whether he was entitled to equitable tolling of the limitations period.

Vineyard has not denied that his conviction became "final" for purposes of the limitations provision on March 9, 1999, upon the expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court, following the December 9, 1998, refusal of his PDR by the Texas Court of Criminal Appeals. See Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1997). Absent equitable tolling, Vineyard's petition was due on March 9, 2000. Vineyard has consistently argued, however, that he was entitled to equitable tolling of the period, based on the following allegations: Throughout 1999 and early 2000, Vineyard's retained counsel, Hall, falsely led him to believe that his PDR was still pending and told Vineyard that he should "wait"; Vineyard did not learn of the PDR's denial until June 9, 2000, when a deputy sheriff arrested him and caused him to be returned to prison; and Hall subsequently assured Vineyard and Vineyard's sister that he would file a 28 U.S.C. § 2254

petition on Vineyard's behalf, but failed to do so.  Vineyard has alleged that he diligently filed his 28 U.S.C. § 2254 petition pro se in 2001, within weeks after learning that Hall had only "completed" such a petition but not filed it.

As we observed in our earlier opinion remanding this case, an attorney's misrepresentations may be grounds for equitable tolling.  See United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002).  In Wynn, a 28 U.S.C. § 2255 movant alleged that:  Wynn's appellate attorney had told him on January 6, 1999, that he would file a 28 U.S.C. § 2255 motion on his behalf; the attorney told Wynn in May 1999 that he had filed the motion; in October 1999, Wynn wrote a letter to the clerk of court inquiring about the status of his § 2255 motion and was told that it was not on file; and, when Wynn's father asked the attorney about this matter, the attorney stated that he had filed the § 2255 motion directly with the district judge, that he was waiting for a response, and that "'we must be patient.'"  Id. at 228-29.  We held that an allegation by a movant "that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond [movant's] control that could warrant equitable tolling."  Id. at 230.  Accordingly, we remanded to the district court "for a hearing on these issues."  Id. at 231.

In our prior opinion in the instant case, we observed that Vineyard had asserted under penalty of perjury that on specific dates during the limitations period, Hall deliberately or negligently misinformed him that his PDR was still pending. We also noted that Vineyard had also presented affidavit and documentary evidence that Hall subsequently misled him and his sister to believe that Hall was going to prepare and file a 28 U.S.C. § 2254 petition, further delaying Vineyard's filing of a pro se petition.

On remand, the district court solicited an affidavit from attorney Hall, who attested that he timely notified Vineyard of the denial of the PDR "shortly after [he] received notice that was mailed . . . on December 9, 1998." Hall also attested that he never told Vineyard he was working on a 28 U.S.C. § 2254 petition on his behalf. This affidavit contradicted the unsworn declaration and affidavits that Vineyard had already filed. The district court, however, concluded that Vineyard had failed to produce "credible evidence" that he was misled by Hall that his PDR was still pending in the Texas Court of Criminal Appeals or that Hall was working on a 28 U.S.C. § 2254 petition.

Vineyard's unsworn declaration under penalty of perjury was competent sworn testimony under 28 U.S.C. § 1746, and it carried the same "force and effect" as an affidavit. See Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003). Moreover, the district court never explicitly discredited the affidavit filed

by Vineyard's sister, other than to observe in a footnote that it had been handwritten by Vineyard and that copies of letters on which the affidavit was purportedly based had not been produced by Vineyard. "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." See Rule 7, Rules Governing Section 2254 Proceedings, Advisory Committee Notes; see also Jordan v. Estelle, 594 F.2d 144, 145-46 (5th Cir. 1979) ("Although a habeas petition may be decided on the basis of affidavits, contested facts ordinarily may not be decided on the basis of affidavits alone[.]" (citations omitted)).

Noting that Vineyard was incarcerated in December 1998 and January 1999, at the time the PDR was issued, the district court also emphasized that, although Vineyard had submitted copies of correspondence from prison officials "indicating that, according to the prison mail log, he did not receive correspondence from January 15, 1999, to February 18, 1999, **no** evidence was submitted to support his claim that he did not receive mail from December 9, 1998, to January 14, 1999." As suggested above, Vineyard's unsworn declarations were evidence that he did not receive notification of the denial of the PDR until 2000. In any event, Vineyard submitted additional correspondence from prison officials showing that officials refused to provide him with any other information about his prison mail logs.

The district court also cited a several decisions to support an implication that, even if Vineyard's equitable-tolling

allegations were true, he would not be entitled to equitable tolling. For instance, the district court cited <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999), for the proposition that a lack of representation during the limitations period did not warrant equitable tolling; <u>Fierro v. Cockrell</u>, 294 F.3d 674, 683 (5th Cir. 2002), <u>cert.</u> <u>denied</u>, 538 U.S. 947 (2003), for the notion that an attorney's erroneous interpretation of the limitations provision was not an excuse for timely filing a § 2254 petition; <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002), <u>cert.</u> <u>denied</u>, 123 S. Ct. 2277 (2003), for the proposition that "mere attorney error or neglect" is not an "extraordinary circumstance" warranting equitable tolling; and <u>Moore v. Cockrell</u>, 313 F.3d 880 (5th Cir. 2002), <u>cert.</u> <u>denied</u>, 123 S. Ct. 1768 (2003), for the holding that an attorney's delay in notifying a petitioner of the result of his direct appeal did not warrant equitable tolling. All of these decisions are distinguishable from the circumstances alleged by Vineyard, who has asserted that Hall <u>affirmatively</u> <u>misinformed</u> him that his PDR was still pending and thus caused him to refrain from taking matters into his own hands. <u>Wynn</u>, which involved similar allegations to Vineyard's, still appears to be the most apposite decision from this circuit. See <u>Wynn</u>, 292 F.3d at 228-31.

"Prior to the enactment of the AEDPA, we consistently held that when there is a factual dispute which[,] if resolved in the petitioner's favor, would entitle [the petitioner] to relief and

the state has not afforded the petitioner a full and fair hearing, a federal habeas corpus petitioner is entitled to discovery and an evidentiary hearing." Clark v. Johnson, 202 F.3d 760, 766 (5th Cir. 2000) (citations and internal quotation marks omitted). This is essentially the standard set forth by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 312 (1963), and cited in the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Proceedings. As amended by the AEDPA, 28 U.S.C. § 2244(e)(2) now states that, "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings," a federal habeas court shall hold an evidentiary hearing only in very limited circumstances. Section 2244(e)(2), however, does not appear to address scenarios like the one in the instant case, in which the factual dispute concerns not a substantive constitutional claim but the federal court's application of a nonconstitutional rule. See Cristin v. Brennan, 281 F.3d 404, 412-13 (3d Cir. 2002) (holding that § 2254(e) does not apply to issue of propriety of evidentiary hearing "on excuses for procedural default").

Based on the foregoing, we again VACATE the district court's dismissal and REMAND the case for further findings of fact relevant to Hall's alleged misrepresentations and the reasonableness of Vineyard's reliance upon them with regard to equitable tolling of the one-year limitation period.

VACATED AND REMANDED.