# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-61070
Summary Calendar

JOSEPH TRIPLETT

Petitioner-Appellant

v.

RONALD KING, Superintendent

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-129

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joseph Triplett, Mississippi prisoner # 90500, appeals the dismissal as time-barred of his 28 U.S.C. § 2254 petition challenging his conviction for possession with intent to distribute marijuana. The district court granted Triplett a certificate of appealability on the issue whether the failure of Triplett's counsel to file a timely § 2254 petition gives rise to equitable tolling.

Because the district court held that equitable tolling was unavailable as a matter of law and did not withhold equitable tolling simply as a matter of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion, our review is de novo. Fisher v. Johnson, 174 F.3d 710, 713 n.9 (5th Cir. 1999). In United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002), we held that equitable tolling "could" be appropriate where a prisoner was deceived by counsel into believing that a timely 28 U.S.C. § 2255 motion had been filed on his behalf. In Wynn, the movant alleged that counsel informed him prior to the date on which the limitations period expired that a § 2255 motion had been filed. 292 F.3d at 228.

Triplett's limitations period expired on November 21, 2003. His counsel did not agree until December 2003 to represent Triplett by filing a § 2254 petition on his behalf. Consequently, any subsequent misrepresentation allegedly made by counsel to Triplett or his family regarding whether counsel filed the § 2254 petition did not cause or contribute to the petition's untimeliness. As such, Triplett's case is distinguishable from Wynn, and the facts do not support application of the equitable tolling doctrine on the basis of counsel's misrepresentations that were allegedly made after the limitations period expired.

Before he formally agreed to the representation, Triplett's counsel was paid a non-refundable retainer fee by Triplett's family on July 18, 2003. After receiving the retainer fee, Triplett's counsel agreed to review the documents in the case. Triplett and his counsel agreed that the retainer fee would be applied to future legal fees in the event that his counsel accepted the representation. Between the time that he accepted the retainer fee in July 2003 and the time the limitations period expired in November 2003, Triplett's counsel did not make any intentionally deceitful misrepresentations regarding whether he filed the § 2254 petition. See United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentation.") (citing Wynn, 292 F.3d at 230-31) (emphasis added). Triplett's counsel did not agree to accept the representation until December

2003, which was after the limitations period expired. Even assuming that Triplett's counsel miscalculated the limitations period when he initially accepted the retainer fee in July 2003 and later agreed to the representation in December 2003, "an attorney's error or neglect does not warrant equitable tolling." Riggs, 314 F.3d at 799.

Furthermore, as the district court noted, the equitable tolling doctrine should be applied only if the petitioner "diligently pursues" habeas relief. Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001). We find that Triplett did not diligently pursue habeas relief because he did not file his § 2254 petition until June 2, 2005, which was approximately 558 days after the limitations period expired. The evidence indicates that Triplett waited an impermissible amount of time to file his § 2254 petition after learning of his counsel's failure to do so.

Triplett additionally argues that the district court dismissed the case as time-barred in bad faith and complains that counsel has failed to return his documents and, therefore, he is unable to brief the merits of the issues raised in his § 2254 petition. These issues are not considered because they were raised for the first time on appeal. United States v. Scott, 672 F.2d 454, 455 (5th Cir. 1982); United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). Triplett additionally argues for the first time in his reply brief that the district court erred in failing to consider his actual-innocence argument. Issues raised for the first time in a reply brief are also not considered. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

AFFIRMED.