IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30601
Summary Calendar

MARTIN LUTHER TEXADA

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CV-530

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Luther Texada, Louisiana prisoner # 399339, seeks a certificate of appealability (COA) to appeal from the district court's denial of his 28 U.S.C. § 2254 petition as time-barred. Texada was convicted by a jury in 1998 of two counts of attempted first degree murder, one count of conspiracy to commit first degree murder, one count of distribution of cocaine to a person under the age of 18, one count of solicitation of a minor to distribute cocaine, and five counts of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committing acts in association with a street gang. Texada was sentenced to a total of 315 years of imprisonment.

Texada contends that the district court erred in ruling that he was not entitled to equitable tolling with respect to his § 2254 petition. A COA will issue only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When a habeas petition has been dismissed on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Equitable tolling of the § 2244(d) time-bar is permitted only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). However, this court has held that a petitioner may be entitled to equitable tolling where his attorney actively misled him into believing that a federal habeas application had been timely filed on his behalf. United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). Texada averred that his attorney began to mislead him "in 2001" before his state habeas application had been filed or his federal limitations period had run, and he supported that claim with evidence attached to his pleadings. Thus, it does not plainly appear from Texada's pleadings and the attached exhibits that Texada is not entitled to relief as required for summary dismissal prior to service of the petition. See RULE 4 of the RULES GOVERNING § 2254 CASES; see also 28 U.S.C. § 2243.

Because "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," Slack, 529 U.S. at 484, and as Texada's petition sets forth several constitutional claims, we GRANT Texada's motion for a COA regarding whether the district court erred in finding that he

was not entitled to equitable tolling with respect to his § 2254 petition. The judgment of the district court is VACATED and this matter is REMANDED to the district court for further proceedings consistent with this order. We express no opinion on the ultimate outcome of the proceedings.