IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-51483
Summary Calendar

LINDA BALDWIN,

Plaintiff-Appellant

v.

BART BARRE, Attorney, and NORTHROP GRUMMAN INFORMATION
TECHNOLOGY,

Defendant-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 1:07-cv-00151-LY

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

On February 10, 2003, Plaintiff-Appellant Linda Baldwin filed with the Equal Employment Opportunity Commission a charge of discrimination against her employer, Appellee Northrop Grumman Information Technology ("NGIT"). The EEOC issued Baldwin a right-to-sue letter on September 8, 2003, informing her she had 90 days to file suit in federal court. Baldwin did not do so, but waited until January 26, 2007 to file a pro se Title VII discrimination action against NGIT in state court. She named Bart Barre—an attorney with NGIT's

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

affiliate Northrop Grumman Corp. who had responded to her EEOC charge—as an additional defendant. NGIT and Barre removed the case to federal court, where the district court dismissed it as time-barred and for failure to state a claim against Barre. We affirm on both grounds.

As the EEOC informed Baldwin in 2003, Title VII allows claimants 90 days to file suit after receipt of a statutory notice of right to sue. See 42 U.S.C.A. § 2000e-5(f)(1) (West 2003). This 90 day limitation period is "strictly construed." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). A case filed after the deadline is subject to dismissal unless "the pleadings . . . raise some basis for tolling or the like." Jones v. Alcoa Inc., 339 F.3d 359, 366 (5th Cir. 2003).

Baldwin missed her 90 day deadline by several years, but she argues the deadline should be equitably tolled because events in early 2005 subjected her to "unreasonable delay." Construing her allegations liberally, it appears Baldwin had sought out counsel to bring an employment discrimination action around that time, but that counsel withdrew or declined the representation. Counsel's withdrawal letter informed Baldwin that the statute of limitations for a state law employment discrimination action would run on February 10, 2005 (two years after her EEOC charge). The letter was dated January 7, 2005, but Baldwin asserts she did not receive it until February 9, which she says was one day before the deadline. Although Baldwin otherwise describes her current lawsuit as sounding in federal employment law, she argues that this last-minute notice regarding state law prevented her from timely bringing suit.

We review a district court's decision on equitable tolling for abuse of discretion. United States v. Wynn, 292 F.3d 226, 229-30 (5th Cir. 2002). Here the district court was within its discretion to conclude that equitable tolling should not apply. Equitable tolling applies in rare and exceptional circumstances where strict application of a statute of limitations would be inequitable. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). It is available

only to a party who "diligently pursue[s] [her] rights." Caldwell v. Dretke, 429 F.3d 521, 530 n.23 (2005). Baldwin's Title VII filing deadline passed almost two years before the events in February 2005 that she now claims prejudiced her, and she did not bring the present suit for another two years after that. She offers no reason to conclude that these delays resulted from rare, exceptional, inequitable circumstances, as opposed to her own lack of diligence.

The district court also dismissed Baldwin's claim against Barre for failure to state a Title VII claim. Reviewing this dismissal de novo, see Taylor, 296 F.3d at 378, we conclude that it was correct. Title VII imposes liability only on "employers," and Barre was not Baldwin's employer. See generally Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994).

Finally, the district court neither erred nor abused its discretion in denying Baldwin's motion to alter or amend the judgment. See Templet v. HydroChem Inc., 367 F.3d 473, 477 (5th Cir. 2004) (explaining that denial of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) is reviewed de novo as to materials the district court considers, and for abuse of discretion as to materials the district court declines to consider). The district court correctly concluded that this and Baldwin's myriad other pre-and post-judgment filings presented redundant and unavailing arguments.

For the reasons stated above, the district court's order dismissing Baldwin's claims with prejudice is AFFIRMED.