# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

Charles R. Fulbruge III
Clerk

No. 09-10281
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL SAENZ-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1601
USDC No. 3:02-CR-285-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raul Saenz-Lopez (Saenz), federal prisoner # 23080-077, moves this court for a certificate of appealability (COA) to appeal the district court's dismissal as untimely of his 28 U.S.C. § 2255 motion, which challenged his conviction for illegal reentry following deportation. Saenz contends that his § 2255 motion, filed five years after his conviction became final, was in fact timely because he was entitled to tolling for the time that he was acting under a mistaken belief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his attorney had filed a § 2255 motion on his behalf.  He also asserts that he is entitled to tolling for the time during which the facility at which he was incarcerated lacked a law library and the lengthy periods during which the prison was on lockdowns, during which times prisoners were prevented access to legal materials.

To obtain a COA, Saenz must make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.  When the district court has denied relief on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Saenz has shown that reasonable jurists could find it debatable that the district court erred in its procedural ruling.  *See Slack*, 529 U.S. at 484.  As for the time prior to February 2007, Saenz makes various allegations about misrepresentations by counsel.  If a petitioner reasonably relies on affirmative misrepresentations by counsel, he may be entitled to equitable tolling.  *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).  Saenz has provided assertions  regarding counsel's situation and conduct, but he has not provided specific dates or supporting evidence as to when counsel  assured him that he had filed a § 2255 motion on Saenz's behalf, when counsel became incapacitated for health reasons, when counsel recovered from his illness, the general time frames of Saenz's attempts to obtain information about the purportedly pending § 2255 motion, and the date upon which Saenz finally learned that no motion had in fact been filed.  Further factual development is necessary to determine

whether Saenz's reliance on counsel's actions and inaction entitles him to equitable tolling.

With respect to the time after February 2007, Saenz alleges that the absence of a law library, or access to any such library due to lockdowns, created an impediment to his filing a § 2255 motion. Such an allegation, if proven, might support tolling under § 2255(f)(2). *See Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). The record includes competing affidavits from the Government and declarations under 28 U.S.C. § 1746 from Saenz regarding the date upon which a law library became available at the Reeves County Detention Center III, the number and duration of lockdowns at that facility between March 2007 and September 2008, and the access prisoners had to legal materials during those lockdowns.

Thus, "the motions, files, and records of the case [do not] conclusively show that [Saenz] is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992); § 2255(b). Additionally, based on the record as it currently stands, reasonable jurists could debate whether Saenz has raised a valid constitutional claim. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Therefore, a COA is granted on the issue whether Saenz is entitled to sufficient equitable tolling and tolling under § 2255(f)(2). The district court's judgment is vacated and the case is remanded for further proceedings in relation to that issue.

COA GRANTED; VACATED AND REMANDED.