# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60788
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2017

Lyle W. Cayce
Clerk

MANUEL COOPER,

Petitioner-Appellant

v.

MARSHALL L. FISHER, COMMISSIONER,
MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:14-CV-119

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Manuel Cooper, Mississippi prisoner # 91229, was convicted by a jury of the crime of false pretenses and was sentenced in 2009 as a habitual offender to life imprisonment without parole or probation. He appeals the district court's dismissal of his 28 U.S.C. § 2254 application as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Previously,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we granted a certificate of appealability on the issue "[w]hether this case presents rare and extraordinary circumstances warranting equitable tolling."

Cooper does not dispute the district court's determination that the deadline for him to file his § 2254 application was November 23, 2012. *See* § 2244(d)(1)(A)-(D). Cooper insists, however, that his case presents rare and extraordinary circumstances that warrant equitable tolling of the statute of limitations. He claims that he diligently pursued his rights and asks that the district court's decision be reversed and his case be remanded for an evidentiary hearing on the claims asserted in his § 2254 application.

The Supreme Court has recognized an equitable tolling exception to § 2244(d) in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks and citation omitted). Equitable tolling can apply to the limitations period of § 2244(d) in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

Our standard of review of a district court's equitable tolling decision depends on the grounds on which it is based. *Palacios v. Stephens*, 723 F.3d 600, 603 (5th Cir. 2013). If the district court's decision to deny equitable tolling is based on that court's exercise of discretion, we review for abuse of discretion. *Palacios*, 723 F.3d at 603 (citing *Henderson v. Thaler*, 626 F.3d 773, 779 (5th Cir. 2010)). But, if the district court denies equitable tolling as a matter of law, our standard of review is de novo. *Palacios*, 723 F.3d at 603. Either way, the applicant has the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

No. 14-60788

"[A]n attorney's failure to satisfy professional standards of care" by failing "to communicate with [his] clients, to implement clients' reasonable requests, [and] to keep [his] clients informed of key developments in their cases" can constitute extraordinary circumstances warranting equitable tolling. *Holland*, 560 U.S. at 649-53. For equitable tolling to apply, a petitioner need only show "reasonable diligence," not "maximum feasible diligence." *Id.* at 653 (internal quotation marks and citations omitted). This is a "fact-intensive inquiry" that is resolved by comparing the diligence shown by the petitioner to the diligence shown by other petitioners in similar circumstances. *Palacios*, 723 F.3d at 605 (internal quotation marks and citation omitted).

In the district court, Cooper stated that he retained counsel, John R. McNeal, Jr., to submit a state post-conviction application and a federal habeas application if needed. Cooper claims McNeal falsely implied that he had submitted a writ of habeas corpus. Cooper stated that he had relied on McNeal to submit the proper motions on his behalf and that McNeal was fully paid, but that McNeal actively misled him. Cooper attached several exhibits to his response, including correspondence with McNeal, the Clerk of Court of the Northern District of Mississippi, and the Bar Association in a complaint that he filed against McNeal, all in support of Cooper's allegations that McNeal misled him despite being paid in full.

In dismissing Cooper's § 2254 application as time barred, the district court said that there was "no evidence before the Court suggesting that Petitioner's attorney intentionally deceived him. Rather, the documents submitted by Petitioner suggest the conditions of counsel's retainer agreement were not satisfied as of March 2012." The court concluded that equitable tolling was not warranted on the facts of this case.

No. 14-60788

Cooper's statements that McNeal had been paid in full were made under penalty of perjury under 28 U.S.C. § 1746 and are considered competent sworn testimony with the same force and effect as an affidavit. *See Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003); *see also Coker v. Quarterman*, 270 F. App'x 305, 310 (5th Cir. 2008) (stating that habeas petitioner's statements made under penalty of perjury under § 1746 have evidentiary value); *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (same). Thus, they are "evidence" that his attorney was paid in full. There is no evidence in the record to contradict Cooper's assertions that the retainer was paid subsequent to the letter of March 15, 2012 from McNeal to Cooper.

In his brief on appeal, Cooper states that his family paid $8,000 to attorney McNeal. He supports that with affidavits from two of his sisters who both attest that they each paid McNeal $4,000 to represent Cooper in his post-conviction claims, and that McNeal told them that $8,000 was the full retainer required unless and until Cooper received a new trial. This evidence, although new, is duplicative support for Cooper's own statements previously made under penalty of perjury.

On the issue of his diligence, Cooper outlines the history of his communications with McNeal, and he asserts that his actions demonstrate that he acted diligently in repeatedly communicating with his attorney about the status of his habeas proceedings. He states that McNeal actively misled him to make him believe that McNeal had filed, or shortly would file, a habeas petition, as shown by their correspondence. The State does not address the affidavits of Cooper's sisters which he submitted as additional proof that payment had been made in full.

The district court focused on the one letter from McNeal to Cooper dated March 15, 2012, requesting additional payment before proceeding with the

4

filing of his post-conviction application.   The district court did not address Cooper's repeated assertions, made under penalty of perjury, that McNeal had been paid in full and had actively misled him to believe that he would file or had filed a habeas petition.   Cooper, like the petitioner in *Holland*, "wrote his attorney numerous letters seeking crucial information and providing direction," contacted the district court for information, and asked the Bar Association for assistance in getting his legal materials returned to him.   *See Holland*, 560 U.S. at 653.

These facts and timeline are similar to those presented in *United States v. Wynn*, 292 F.3d 226, 228-30 (5th Cir. 2002), in which the movant sought assurances from his attorney that his 28 U.S.C. § 2255 motion had been filed, and the attorney was alleged to have falsely represented to his client that it had been filed.   The movant repeatedly made unsuccessful attempts to contact his attorney after the filing deadline to inquire about the status of his case, only to learn much later that his attorney had failed to file the motion.   We vacated and remanded for an evidentiary hearing on the issue of equitable tolling.   292 F.3d at 229-31; *see also Vineyard*, 125 F. App'x at 552-54 (same).

As required by *Holland*, 560 U.S. at 652-53, the facts represented by Cooper are sufficient to show that extraordinary circumstances existed and that he was diligently pursuing his rights.   In confecting its findings, the district court ignored Cooper's evidence that McNeal (1) had been paid in full, yet (2) had continued to mislead Cooper to believe that his habeas application would be or had been filed.   The district court did not obtain an affidavit from McNeal or hold an evidentiary hearing to resolve the potential conflicts in the evidence.   We conclude that the court abused its discretion in ruling that equitable tolling was not warranted under the facts of the case as alleged by Cooper and demonstrated by his evidence.   *See Wynn*, 292 F.3d at 230.

No. 14-60788

Because (1) equitable tolling is such a "fact-intensive inquiry," *see Palacios*, 723 F.3d at 605, and (2) we cannot determine the veracity of Cooper's verified allegations or his sisters' affidavits in the first instance, we vacate the district court's dismissal and remand this case for an evidentiary hearing and findings of fact relevant to (1) whether McNeal was in fact paid in full, (2) McNeal's alleged misrepresentations to Cooper regarding the status of his habeas proceedings, and (3) the reasonableness of Cooper's reliance on those representations. *See Wynn*, 292 F.3d at 230-31; *Vineyard*, 125 F. App'x at 554.

VACATED AND REMANDED.