**REVISED OCTOBER 24, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40678
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE ROBINSON,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CV-337
USDC No. 1:94-CR-40-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Clarence Robinson, federal prisoner # 02476-095, appeals the denial of his 28 U.S.C. § 2255 motion, in which he challenged his conviction of knowingly using and carrying a firearm during and in relation to a crime of violence. *See* 18 U.S.C. § 924(c). We granted a certificate of appealability. The Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40678

has conceded that Robinson is entitled to vacatur of his § 924(c) conviction and the associated sentence.  As discussed below, we agree with the Government and therefore reverse the denial of § 2255 relief and remand to the district court.  Because Robinson may be entitled to immediate release, we have expedited this appeal.

The district court determined that Robinson's § 2255 motion was untimely to the extent it relied on *Mathis v. United States*, 136 S. Ct. 2243 (2016).  But the motion was not based on *Mathis*; it was based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In any event, the Government has expressly waived any objection to the timeliness of Robinson's § 2255 motion; it has also expressly waived any conceivable claim of procedural default.  *See Day v. McDonough*, 547 U.S. 198, 202 (2006) ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (noting that the AEDPA limitations statute is not jurisdictional).

Section 924(c) establishes an additional penalty for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  § 924(c)(1).  For § 924(c) purposes, a "crime of violence" is defined as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  § 924(c)(3).

Shortly after we granted a COA in this matter, the Supreme Court held that the "substantial risk" clause of § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  This court recently

determined that "*Davis* announced a new rule of constitutional law retroactively applicable on a first habeas petition." *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019).

So Robinson's § 924(c) conviction can be sustained only if the predicate offense for the conviction, conspiring to escape from federal custody, is a crime of violence under the elements clause of § 924(c)(3)(A). That clause defines "crime of violence" as an offense that has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In deciding whether an offense meets this definition, courts "appl[y] a categorical approach, looking only to the statutory definitions—i.e., the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir.), *cert. denied sub nom. Allen v. United States*, 137 S. Ct. 2231, (2017), *and cert. denied*, 138 S. Ct. 149 (2017). To convict Robinson of an 18 U.S.C. § 371 conspiracy offense, the Government was required to prove "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *United States v. Coleman*, 609 F.3d 699, 704 (5th Cir. 2010). There is no element requiring "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). As a result, Robinson's § 924(c) conviction, and the associated 240-month sentence of imprisonment, must be vacated. The Government concedes as much.

The judgment of the district court is REVERSED, and the matter is REMANDED to the district court for disposition consistent with this opinion. Robinson's motion for the appointment of counsel is DENIED as unnecessary.

No. 18-40678

Robinson's motion for bond pending appeal is DENIED, but the mandate shall issue forthwith.