# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2012

Lyle W. Cayce
Clerk

No. 09-50729

PAUL JAMES KOUMJIAN,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:05-CV-00221

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

After a state court in Texas found Petitioner Paul James Koumjian, Texas prisoner # 1039181, guilty of possession of a prohibited substance in a correctional facility, he was sentenced to twenty-eight years imprisonment. His state habeas corpus petitions were denied. The district court denied Koumjian's federal habeas corpus petition as time-barred under the one-year statute of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50729

limitations of 28 U.S.C. § 2244(d)(1). In April 2011, we granted a certificate of appealability ("COA") to determine whether Koumjian's second state habeas corpus application was "properly filed" for statutory tolling purposes under 28 U.S.C. § 2244(d)(2). We review *de novo* the district court's decision.[1]

The Texas Court of Criminal Appeals ("TCCA") dismissed Koumjian's second state habeas petition as non-compliant with Rules 73.1 and 73.2 of the Texas Rules of Appellate Procedure, which require that habeas petitions be submitted on a particular form, because Koumjian's petition was missing that form's pages 3 and 5. Koumjian contends that his petition was not, in fact, missing those pages.

The Supreme Court has indicated that a state court's ruling that a state habeas petition was not properly filed is "the end of the matter,"[2] precluding such petition's tolling of the statute of limitations for purposes of the filing of a federal habeas petition. This appears to be so even if the grounds for the state court's ruling are debatable.[3] In non-binding, unpublished opinions, this court[4]

---

[1] *Krause v. Thaler*, 637 F.3d 558, 560 (5th Cir. 2011).

[2] *Carey v. Saffold*, 536 U.S. 214, 226 (2002); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2).").

[3] *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [Pennsylvania Post Conviction Relief Act, or "PRCA"] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 244(d)(2)."); *see also id.* at 422 (Stevens, J., dissenting) ("At the time Pace filed his PCRA petition, no Pennsylvania court had yet applied the PCRA statute of limitations to a petitioner whose conviction had become final prior to the effective date of the Act.").

[4] *See Whitlock v. Quarterman*, No. 06-11066, 2008 WL 3244282, at *1 (5th Cir. Aug. 8, 2008) (unpublished) (state habeas petition not "properly filed" because the TCCA determined that it did not comply with Rule 73.2 of the Texas Rules of Appellate Procedure); *Caldwell v. Dretke*, No. 03-10928, 182 F. App'x 346, 347, 2006 WL 1519472 (5th Cir. May 26, 2006) (unpublished) (same); *Edwards v. Dretke*, No. 03-11347, 116 Fed.Appx. 470, 471, 2004 WL 2278502 (5th Cir. Oct. 6, 2004) (unpublished) (same).

has followed other courts[5] in holding that a state court's ruling as to whether a state habeas petition is "properly filed" is dispositive.

But even if today we could look behind the TCCA's decision, we would see that Koumjian has not rebutted the facts on which that decision is based by "clear and convincing evidence."[6] The TCCA returned the state habeas petition to Koumjian after dismissing it, so we cannot determine precisely what was before the TCCA when it made its ruling. Koumjian points to complete copies of the petition in the record; the Respondent has provided a copy that it obtained from the state court which, strangely, is missing page 5, but includes page 3. Given this absence of clarity in the record, we must hold that Koumjian has not adduced clear and convincing evidence to refute the TCCA's statement that the petition it reviewed lacked pages 3 and 5 and thus violated Rules 73.1 and 73.2 of the Texas Rules of Appellate Procedure.

Further, the record fact that page 5 was missing from Koumjian's petition supports the TCCA's decision. Rule 73.1 unambiguously provides that a habeas petition "must be made in the form prescribed," and that "[t]he person making the application must provide all information required by the form." Rule 73.2 also states that a noncompliant application will not be filed, but will instead be returned to the person who filed it. Although page 3 of the prescribed form contains more substantive questions than does page 5, important information is nonetheless required on page 5, including whether the applicant has pending any petitions or appeals that attack the same conviction. Thus, notwithstanding the possibility that Koumjian's application might have included page 3, we

---

[5] *Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009) (state habeas petition was improperly filed when rejected by state court, regardless of whether the verification requirement that the petitioner violated was firmly established and regularly followed); *Walker v. Norris*, 436 F.3d 1026, 1031 (8th Cir. 2006) (same).

[6] 28 U.S.C. § 2254(e)(1).

nevertheless conclude that Koumjian has failed sufficiently to rebut the facts underlying the TCCA's decision with clear and convincing evidence.[7]

Additionally, in our April 2011 decision, we explicitly denied Koumjian a COA on the question of whether the TCCA's delay in rejecting his petition is an "extraordinary circumstance" that prevented him from timely filing his federal habeas petition and thus entitles him to equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[8] We denied a COA grounded on equitable tolling even though the TCCA took four months to reject Koumjian's petition, concluding that the delay did not constitute an "extraordinary circumstance." It is undisputed that Koumjian's petition was filed on March 10, 2003, that the matter remained before the state trial court through March of 2004, and that the TCCA rejected the petition on July 21, 2004. Thus, although the TCCA only took about four months to reject Koumjian's petition, it was outstanding for more than 16 months, during which time the one-year statute of limitations under 28 U.S.C. § 2244(d)(2) expired.

These additional facts would not change the end result, however, even if we were to grant a COA on this issue. As the district court found, even if an extraordinary circumstance prevented timely filing–a question we need not reach–Koumjian was not "diligent" in pursuing his federal habeas rights. "We review the district court's decision not to invoke the doctrine of equitable tolling

---

[7] In reaching this conclusion, we need not, and do not, rely on the affidavit of a law librarian which was submitted by the Respondent as a supplement to the record on appeal. Nonetheless, we do have the discretionary authority to accept supplemental materials not presented to the district court. *Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984). We exercise that discretion to consider the additional copies of the state court record provided by the Respondent in an attempt to resolve the confusion in that record.

[8] *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).

No. 09-50729

for abuse of discretion."[9]  After the TCCA rejected Koumjian's state habeas petition on July 21, 2004, he waited until March 27, 2005–more than eight months–to file the instant federal petition.  We have noted repeatedly that "[e]quity is not intended for those who sleep on their rights."[10]  We have held that delays of as little as four and six months precluded a finding of diligence.[11] It is true that, after he moved for the TCCA to reconsider its decision, Koumjian filed an additional state habeas petition during that period.  But, even if we were to subtract the total time that such motion and petition were pending, Koumjian's delay in filing his federal petition would still exceed four and a half months.  In light of this delay, we cannot hold that the district court abused its discretion in denying Koumjian's claim of equitable tolling.[12]

---

[9] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

[10] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660 (5th Cir. 1989)).

[11] *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (delay of over four months); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (six months).

[12] Neither do Koumjian's three prior federal habeas petitions–filed in 2001, 2002, and 2003–demonstrate his diligence, years later, in filing the present habeas petition.  Further, those prior federal petitions were not stayed pending the exhaustion of state remedies and thus do not constitute "protective" petitions under *Pace*, 544 U.S. at 416.

No. 09-50729

We therefore affirm the district court's judgment dismissing Koumjian's habeas petition,[13] and deny as moot Koumjian's motion to compel the production of specified state court records.

AFFIRMED.

---

[13] We note that the district court erred by issuing its order dismissing the petition before the expiration of the period it gave Koumjian to file a reply. Although a court does not necessarily need to wait for a reply "in support of a motion" before ruling under W.D. of Tex. Local Civil Rule 7(f), it "must give [a] party against whom . . . additional materials are offered an opportunity to admit or deny their correctness" under Rule 7(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Here, Koumjian's "reply" was his first opportunity to respond to new materials submitted by the Respondent after the district court issued its Order to Show Cause. The district court should have waited for Koumjian's reply, or for the time to file that reply to expire, before issuing a ruling. The district court subsequently rectified this error, however, by considering Koumjian's (1) motion for reconsideration, (2) "traverse," (3) supplement to his motion for reconsideration, (4) reply, and (5) "urgent letter." In addition to denying Koumjian's motion for reconsideration under the standards of Fed. R. Civ. P. 59(e) and 60(b), the court held: "Additionally, after reviewing the file, the Court again concludes that Koumjian's cause is time-barred." In light of the court's additional consideration, we have no cause to remand this case.