# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 13, 2012

Lyle W. Cayce
Clerk

No. 11-31044

THEODORE N. ARITA,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:11-CV-636

Before DAVIS, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Theodore Arita appeals the dismissal, as time-barred, of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because he concedes that his petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31044

was untimely, the only issue is whether, in light of *Holland v. Florida*, 130 S. Ct. 2549 (2010), the district court erred in refusing equitable tolling. We affirm.

## I.

In 2003, Arita was convicted of attempted armed robbery, pleaded guilty of being a multiple offender, and was sentenced to thirty years at hard labor without parole, probation, or suspension of sentence. The Louisiana Court of Appeal affirmed on March 1, 2005, and the Louisiana Supreme Court denied a writ application on November 29, 2005. Arita did not petition for a writ of certiorari from the United States Supreme Court.

On November 29, 2007, Arita filed an application for post-conviction relief in state district court, which denied relief on February 12, 2008. He was then denied post-conviction relief by the state appellate court on December 10, 2009, and by the Louisiana Supreme Court on November 12, 2010.

Arita filed his § 2254 petition in March 2011. Adopting the recommendation of the magistrate judge, the district court dismissed the petition with prejudice as time-barred. This court granted a certificate of appealability only as to whether the district court had erred in refusing equitable tolling.

## II.

We review the decision of a district court to deny equitable tolling of a habeas petition for abuse of discretion and its factual findings for clear error. *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007). "[I]t is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record." *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (internal quotation marks and citation omitted).

No. 11-31044

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). Arita's one-year clock began to run on February 27, 2006, when his time for filing a certiorari petition expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). His statutory period for seeking federal habeas relief expired, therefore, on February 27, 2007, unless that deadline was extended by tolling. Because Arita had no applications for state post-conviction relief or other collateral review pending on that date, he was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

AEDPA's statute of limitations is subject to equitable tolling. *Holland*, 130 S. Ct. at 2560. A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that AEDPA is subject to equitable tolling "in rare and exceptional circumstances"). Arita bears the burden of proving that he is entitled to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Arita claims that entitlement because of his lawyer's lack of communication, failure to file a federal habeas petition by the deadline, and erroneous statements that no deadlines would be missed. On October 25, 2006, Arita's mother hired attorney James Williams "to prepare, file, and argue any post-conviction relief, habeas corpus, or parole, probation or pardon proceedings, through federal court. Informed by other prisoners of AEDPA's one-year statute of limitations, Arita sent Williams letters on October 29, November 12, and November 27, 2006, alerting Williams to the deadline (thought by Arita to be in November 2006) and asking what, if anything, Williams had filed or intended to file. Arita and his mother also tried to call Williams but were able to reach only his legal assistant,

who told them that Williams was aware of all pending deadlines and that they need not worry. Receiving no response, Arita wrote again in late January and on March 29, 2007, asking Williams what had been filed and when it had been filed, and also for copies of all paperwork regarding his case.

Finally, Williams sent Arita's mother a letter in October 2007 informing her that there were no legitimate issues, in his opinion, to raise in post-conviction proceedings. Arita then hired another attorney, who filed for state post-conviction relief. In August 2008, Arita filed a complaint against Williams with the Louisiana Bar Association.

We need not decide whether Williams's conduct was merely negligent or, to the contrary, sufficiently egregious to be considered rare and extraordinary; Arita is not entitled to equitable tolling anyway, because he failed to pursue his rights diligently. Equitable tolling "is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quotation marks and citation omitted). Petitioners need not pursue their rights with "maximum feasible diligence," but Arita failed to exercise even "reasonable diligence." *Holland*, 130 S. Ct. at 2565.

Arita's deadline for seeking federal habeas relief was February 27, 2007, yet he did not file any post-conviction proceedings until nine months later, and he waited to file in federal court for more than four years. We have held that petitioners failed to exercise reasonable diligence when they acted more promptly than did Arita. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that petitioner failed to exercise due diligence when he waited six months to file federal habeas petition). In *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), we held that a *pro se* petitioner who filed for federal relief just seventeen days after AEDPA's statute of limitations had run failed to exercise reasonable diligence. We expect promptness from *pro se* petitioners; it would be inequitable to expect less from those, like Arita, who are represented

No. 11-31044

by counsel. *See Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012). Nor does Arita's assertion that Williams was incompetent excuse his delay, given that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Id.*

The petitioner in *Holland* not only sent letters to counsel requesting information, but also specifically directed counsel to file his § 2254 habeas petition before the deadline. *Holland*, 130 S. Ct. at 2556–57. By contrast, Arita inquired as to what Williams intended to file but never instructed him to file a federal habeas petition. Furthermore, whereas Holland sought help from "state courts, their clerks, and the Florida State Bar Association" in getting his appointed lawyer removed from the case, *id.* at 2565, Arita relied on Williams until October 2007, even though Arita thought his time for filing expired in November 2006.

Also, unlike Holland, who filed a *pro se* habeas petition the "*very day*" he "discovered his AEDPA clock had expired," *id.*, Arita retained new counsel upon discovering that Williams did not intend to file for post-conviction relief, then waited more than a month to file in state court. Although Arita could not have pursued relief in federal court before exhausting state remedies, he could have filed a "protective" petition there, seeking to preserve federal remedies until his state remedies had been exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Finally, had Arita been more diligent, he could have discovered that Williams had not filed a habeas petition in November 2006, which Arita thought was the deadline, then hired new counsel or filed a *pro se* petition by February 2007, the actual deadline.

AFFIRMED.