## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2013

Lyle W. Cayce
Clerk

No. 11-41080

ROLAND PALACIOS,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before ELROD and HIGGINSON, Circuit Judges, and JACKSON, District
Judge.[*]

HIGGINSON, Circuit Judge:

Petitioner-Appellant Roland Palacios filed his federal habeas petition one
year and one day after the expiration of the one-year limitation period
established by the Antiterrorism and Effective Death Penalty Act ("AEDPA").
The untimely filing, Palacios contends, was caused by his attorney, who, Palacios
alleges, misrepresented that his state habeas petition had been filed and, when
Palacios discovered that it had not been filed, abandoned him. The district court
dismissed Palacios's federal habeas petition as time-barred, concluding that it
was untimely filed and that Palacios was not entitled to equitable tolling. We

---

[*] Chief Judge of the Middle District of Louisiana, sitting by designation.

No. 11-41080

granted a certificate of appealability ("COA") on the equitable tolling issue, which hinges on whether (1) Palacios exercised "reasonable diligence" in pursing habeas relief, and (2) his attorney's alleged misrepresentation and abandonment qualifies as an "extraordinary circumstance" that "prevented" timely filing. Because we conclude that Palacios did not pursue his rights with reasonable diligence, we AFFIRM.

## BACKGROUND

In 2007, Palacios was convicted in Texas state court of burglary of a habitation with intent to commit aggravated assault, and was sentenced to 60 years of imprisonment. The Texas Court of Appeals for the Thirteenth Judicial District affirmed his conviction on direct appeal, *Palacios v. State*, No. 13-07-171-CR, 2008 WL 4433209 (Tex. App.—Corpus Christi July 17, 2008, pet. ref'd) (mem. op., not designated for publication), and the Texas Court of Criminal Appeals ("TCCA") denied his petition for discretionary review, *In re Palacios*, No. 1092-08, 2008 Tex. Crim. App. LEXIS 1488 (Tex. Crim. App. Nov. 26, 2008). Palacios did not petition for a writ of certiorari from the United States Supreme Court.

On April 6, 2010, Palacios filed a state habeas petition with the Texas District Court for the 319th Judicial District. That court found that there were "no controverted, unresolved fact issues material to the disposition" of the petition, and that there was "no need for expansion of the record by an evidentiary hearing." It then addressed Palacios's four asserted grounds for relief, found them lacking, and recommended that the petition "be DENIED in its entirety." Following that recommendation, the TCCA denied the petition without written order on January 26, 2011.

On February 25, 2011, Palacios filed a federal habeas petition in the United States District Court for the Southern District of Texas. The Texas Attorney General's Office moved for summary judgment, reasoning that because the petition was filed after the expiration of AEDPA's one-year limitation period,

No. 11-41080

and Palacios was not entitled to statutory or equitable tolling, the petition was time-barred. The district court, adopting the report and recommendation of a magistrate judge, granted the motion, but did not immediately enter final judgment for the government. Palacios filed a timely notice of appeal in the district court, and a timely application for a COA with this court. Five months after its summary judgment ruling, the district court entered final judgment dismissing with prejudice the habeas petition. Within 30 days of final judgment, Palacios filed *pro se* a motion for new trial or, in the alternative, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(a) and (e) (the "Rule 59 motion").[1] On May 7, 2012, this court granted a COA on whether "the district court erred in refusing to equitably toll the limitation period and in determining that Palacios had failed to pursue his state remedies diligently." In light of the COA grant, the district court entered an order staying its ruling on the Rule 59 motion "until after the appeal is decided." By operation of Federal Rule of Appellate Procedure ("FRAP") 4(a)(4)(B)(i),[2] the stay placed the appeal in jurisdictional limbo: a notice of appeal filed before a timely filed Rule 59 motion is sufficient to bring the underlying case to the court of appeals but "is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." *See Ross v. Marshall*, 426 F.3d 745, 752 n.13 (5th Cir. 2005) (quoting Fed. R. App. P. 4 Advisory Committee's note); *see also Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 868–69 n.2 (5th Cir. 2002) (suggesting that a stay does not

---

[1] The district court advised Palacios that "hybrid representation is not permitted," and warned him that "[a]ny future pro se pleadings filed while petitioner is represented by counsel will be struck," but elected not to strike the Rule 59 motion "because of the unusual procedural posture of the case."

[2] "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

No. 11-41080

"dispose of" a motion for the purposes of FRAP 4(a)(4)(B)(i). When notified that his Rule 59 motion was holding up his appeal, Palacios moved to voluntarily dismiss it. The district court granted the motion to dismiss, rendering effective Palacios's notice of appeal and placing appellate jurisdiction in this court.

## STANDARD OF REVIEW

The standard of review governing a district court's equitable tolling decision depends on the basis on which it is grounded. If the district court exercises its discretion to deny equitable tolling, review is for abuse of discretion, *Henderson v. Thaler*, 626 F.3d 773, 779 (5th Cir. 2010); if the district court denies equitable tolling as a matter of law, review is *de novo*, *Mathis v. Thaler*, 616 F.3d 461, 474 n.14 (5th Cir. 2010) (citing *Fisher v. Johnson*, 174 F.3d 710, 713 n.9 (5th Cir. 1999)). We begin by assessing the basis for the district court's equitable tolling ruling.

The district court referred the government's motion for summary judgment to a magistrate judge, who issued a memorandum and recommendation recommending that the government's motion be granted and Palacios's habeas petition be dismissed with prejudice as time-barred. The magistrate judge recommended denying equitable tolling on the basis of its judgment that Palacios had not shown that he had reasonably relied on his attorney's alleged misrepresentation that he had filed the state habeas petition. The magistrate judge cited *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2003), for the proposition that an attorney's intentional deceit warrants equitable tolling only if the petitioner reasonably relied on the misrepresentation. Although the magistrate judge expressed that Palacios did not support his allegation of misrepresentation with competent evidence, and that he "could have filed a bare-bones petition and supplemented it with his documents when he obtained them," the magistrate judge did not appear to base the recommended denial of equitable tolling on those grounds.

4

No. 11-41080

The district court "adopt[ed] as its own the findings and conclusions of the Magistrate Judge[,] as supplemented" in an order addressing Palacios's objections.  In that order, the district court made findings that (1) "Petitioner's evidence did not affirmatively establish that Petitioner's attorney made a false representation of fact," (2) there was "sufficient evidence to show that Petitioner was aware that his state court writ had not been filed" as of January 29, 2010, a date it deemed "sufficiently in advance of his February 24, 2010 deadline to allow him to take action to preserve his federal rights," and (3) "the time between January 29, 2010 and February 24, 2010 was . . . . sufficient time to ensure that the writ was filed."  Without specifying whether its equitable tolling ruling was grounded in law or discretion, the district court granted the government's motion for summary judgment.

Though we question one legal basis on which the district court's equitable tolling ruling appeared to rest,[3] we may nonetheless affirm its dismissal of Palacios's habeas petition if dismissal is justified by another ground supported by the record.  *See Arita v. Cain*, 500 F. App'x 352, 353 (5th Cir. 2012) (unpublished), *cert. denied*, __ U.S. __, 133 S. Ct. 1828 (2013) (citing *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009)).

## DISCUSSION

AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from "the date on which the judgment became final by the

---

[3] Insofar as *Riggs* was read to foreclose the availability of equitable tolling where an attorney abandons his client but does not make an affirmative misrepresentation, 314 F.3d at 799, it is in tension with recent Supreme Court guidance that abandonment alone may suffice to establish an extraordinary circumstance potentially warranting equitable tolling, *Maples v. Thomas*, 132 S. Ct. 912, 923 (2012) (commenting that evidence of abandonment "would suffice to establish extraordinary circumstances beyond [a petitioner's] control" (citing *Holland v. Florida*, 130 S. Ct. 2549 (2010))); *see also Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012), *cert denied*, __ U.S. __, 133 S. Ct. 1633 (2013) ("[A]ttorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes." (citing *Maples*, 132 S. Ct. at 924)).

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Palacios's conviction became final, and his limitation period began to run, on February 24, 2009, the date on which the 90-day period in which to seek review with the United States Supreme Court expired.[4] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(A)). Palacios filed his state habeas petition on April 6, 2010, and his federal habeas petition on February 25, 2011. Because his state habeas petition was not filed within the one-year period, it did not statutorily toll the limitation clock. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing § 2244(d)(2)). Accordingly, his AEDPA limitation period expired on February 24, 2010, unless it was equitably tolled.

To obtain the benefit of equitable tolling, Palacios must establish that (1) he pursued habeas relief with "reasonable diligence," and (2) some "extraordinary circumstances" stood in his way and "prevented" timely filing. *Manning*, 688 F.3d at 183 (citing *Holland*, 130 S. Ct. at 2562). We begin—and in this case, end—with the diligence requirement.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S. Ct. at 2565 (internal quotation marks and citations omitted). Whether diligence is "reasonable" is an "equitable, often fact-intensive inquiry" in which courts are instructed to avoid "mechanical rules" and instead to "draw upon decisions made in other similar cases for guidance." *Id.* at 2563, 2565 (internal quotation marks omitted). Accordingly, we proceed by reciting the relevant facts, comparing the diligence shown by Palacios to the diligence shown by petitioners in similar

---

[4] For the first time on appeal, Palacios disputes this calculation, arguing that the period began to run on March 15, 2009, 90 days after he purportedly received notice of the denial of his petition for discretionary review. By conceding this point below, Palacios waived the right to dispute it on appeal, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 592 (5th Cir. 2006).

circumstances, and then exercising our review judgment as to whether, under the circumstances, Palacios demonstrated reasonable diligence.

### A.    Facts bearing upon reasonable diligence inquiry

Palacios highlights the following record facts and allegations demonstrating his diligence: (1) Palacios hired Attorney Stephen McMains to file his state habeas petition and represent him in state habeas proceedings on September 14, 2009, five months before the expiration of the limitation period; (2) Palacios informed McMains by letter of the filing deadline at the time of his hiring; (3) Aida Cortez, Palacios's wife, contacted McMains by phone and traveled to McMains's home and office to follow up with him about the status of the habeas application; (4) when McMains was unresponsive, Cortez filed a grievance against him with the Texas State Bar, and Palacios reminded him by letter of the expiration of the AEDPA one-year limitation period, directed him again to file the state habeas petition, and gave him ten days to respond; (5) when McMains did not respond within the ten-day period, Palacios discharged McMains by letter and requested "original copies [of court documents] and all my transcripts as soon as possible"; (6) on the day Palacios purportedly received his file back, he filed his state habeas application *pro se*.[5]

The Texas Attorney General's Office responds by emphasizing the following record facts which, it contends, indicate that Palacios "slept on his rights": (1) Palacios waited to hire McMains for ten months after the denial of his petition for discretionary review and seven months after his AEDPA limitation period began to run; (2) Palacios discharged McMains on February 11, 2010, 13 days before the expiration of the AEDPA limitation period, but did not

---

[5] During oral argument, counsel for petitioner stated that Palacios did not receive his file back "until March . . . after March 4th, well after the February 25th deadline." The precise date on which Palacios received his file back has not been documented or litigated. We will assume *arguendo* that Palacios received his file back on April 6, 2010, the date he filed his state habeas petition.

file a state habeas petition until April 6, 2010, more than a month after the deadline; and (3) Palacios waited until February 25, 2011, 30 days after the TCCA's denial of his state habeas petition, to file his federal habeas petition.

### B.    Analysis

Of the many considerations bearing upon the reasonable diligence analysis, three are most pertinent here: (1) Palacios waited seven months after learning of the denial of his petition for discretionary review to hire an attorney, (2) after hiring McMains, Palacios directed him to file the petition, reminded him of the filing deadline, and inquired into the filing status, and (3) after firing McMains with two weeks remaining on his AEDPA limitation period, aware that the period was about to expire, Palacios did not file a state habeas petition or a protective federal habeas petition within that period.

#### 1.    Seven-month delay

Our first consideration on review is whether Palacios's seven-month delay in hiring an attorney shows a lack of reasonable diligence.

We have held that state prisoners who were aware that their state post-conviction proceedings were no longer pending and waited to file federal habeas petitions between four and six months after the AEDPA limitation period began to run did not exercise reasonable diligence. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (holding that petitioner had not shown reasonable diligence because he "waited more than four months to file his federal habeas petition"); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (per curiam) (holding that petitioner had not shown reasonable diligence because he "did not file his § 2254 petition until approximately six months after learning of the denial of his state postconviction application," and "d[id] not explain the six-month delay between being notified about his state application and filing his federal petition"); *Koumjian v. Thaler*, 484 F. App'x 966, 969–70 (5th Cir. 2012) (per curiam) (unpublished) (holding that petitioner had not shown reasonable

diligence because his delay in filing "exceed[ed] four and a half months"). Palacios does not distinguish these cases or identify countervailing precedent.

It could be argued that it follows *a fortiori* that Palacios, who did not hire an attorney, much less file a habeas petition, until seven months after learning of the denial of his petition for discretionary review, would similarly be unable to demonstrate reasonable diligence. But to hold that the reasonable diligence outcome here is dictated by *Melancon*, *Coleman*, and *Koumjian* would be to suggest a bright-line rule that a prisoner does not exercise reasonable diligence if he does not hire an attorney within four months of the date his AEDPA limitation period begins to run. Such a ruling would be in tension with our previous observation that "equitable tolling does not lend itself to bright-line rules," *Fisher*, 174 F.3d at 713, and the Supreme Court's recent guidance that equitable tolling decisions "must be made on a case-by-case basis," *Holland*, 130 S. Ct. at 2563. Accordingly, we adhere to *Melancon*, *Coleman*, and *Koumjian* and factor them into our equitable tolling analysis, with awareness that the "specific circumstances" of this case could "warrant special treatment." *Holland*, 130 S. Ct. at 2563; *see also Williams v. Thaler*, 400 F. App'x 886, 890–91 (5th Cir. 2010) (per curiam) (unpublished) (citing equitable tolling caselaw and noting: "Though we are guided by this precedent, we are mindful of the dangers of creating a rule regarding the specific timeframe in which a petitioner must inquire regarding the status of his state habeas application in order to demonstrate diligence. Rather, the circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling.").

### 2.    Diligence after hiring McMains

Our second consideration on review is whether Palacios exercised reasonable diligence after hiring McMains, which we assess by comparing the

No. 11-41080

diligence exercised by Palacios to the diligence exercised by petitioners faced with comparable instances of attorney abandonment. *Holland*, 130 S. Ct. at 2563.

Recent decisions addressing the equitable tolling ramifications of attorney abandonment are illustrative. In *Holland*, the Supreme Court concluded that petitioner had shown reasonable diligence by: "wr[iting] his attorney numerous letters seeking crucial information and providing direction"; "repeatedly contact[ing] the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]—the central impediment to the pursuit of his legal remedy—removed from his case; and "prepar[ing] his own habeas petition *pro se* and promptly fil[ing] it with the District Court" on "the *very day* that [he] discovered that his AEDPA clock had expired due to [his attorney's] failings." *Id.* at 2565. We recently applied *Holland*'s teachings in *Manning v. Epps*, 688 F.3d 177 (5th Cir. 2012), and *Arita v. Cain*, 500 F. App'x 352 (5th Cir. 2012) (per curiam). In *Manning*, we concluded that a petitioner had not shown reasonable diligence because, for a period of 19 months after he knew his conviction had become final, he relied on his appointed attorneys to file his habeas petition without directing them to file the petition or inquiring into its status. 688 F.3d at 184–86. In *Arita*, we concluded that a petitioner had not shown reasonable diligence because he "never instructed [counsel] to file a [state or] federal habeas petition"; did not discharge non-responsive counsel until seven months after the filing deadline had passed; waited more than a month to file his state habeas petition after hiring new counsel; and did not file a "protective" federal habeas petition preserving his federal remedies until his state remedies had been exhausted. 500 F. App'x at 353–55. These cases establish that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation," *Manning*, 688 F.3d at 185, and serve as guideposts for what constitutes reasonable diligence in the face of attorney abandonment.

10

No. 11-41080

Assuming *arguendo* that Cortez's efforts on Palacios's behalf may be attributed to Palacios, an issue not briefed by the parties, we perceive that Palacios's diligence after hiring McMains is on par with Holland's: both petitioners wrote their attorneys "numerous letters seeking crucial information and providing direction," and, when their attorneys were unresponsive, filed grievances with the state bar association, discharged their attorneys, and promptly prepared *pro se* habeas petitions. 130 S. Ct. at 2565. Moreover, unlike Manning and Arita, Palacios unambiguously directed McMains to file the petition, and discharged him before the filing deadline when it became apparent he was not going to perform the sole task for which he had been hired. Accordingly, "draw[ing] upon decisions made in other similar cases for guidance," *Holland*, 130 S. Ct. at 2563, and assuming without deciding that Cortez's efforts are factored into the analysis, we conclude that, after hiring McMains, Palacios exercised reasonable diligence in pursuing state post-conviction relief.

### 3.    Protective federal habeas petition

Whether Palacios exercised reasonable diligence in pursuing *federal* post-conviction relief is a closer call. Palacios filed his federal habeas petition within 30 days of the TCCA's denial of his state habeas petition, but did so one year after his AEDPA limitation period expired. Palacios could have prevented its expiration by timely filing a "protective" federal habeas petition. Our third consideration is whether Palacios's failure to do so shows a lack of reasonable diligence.

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court noted that one option for prisoners unsure whether their state habeas petitions have been or will be timely filed is to file "a 'protective' petition in federal court and [to] ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." The Supreme Court did not indicate

11

whether a prisoner's failure to file a protective petition alone demonstrates a lack of reasonable diligence, a question this court has since raised but declined to resolve. *See Madden v. Thaler*, No. 11-10690, 2013 WL 1319349, at \*6 (5th Cir. Apr. 3, 2013) (per curiam) (unpublished) (stating that the court "need not decide . . . whether a prisoner must file a protective petition to establish that he was acting with the requisite diligence"); *Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007) ("We expressly decline to determine whether a 'protective' petition is necessary [to get the benefit of equitable tolling]."), *abrogated on other grounds by Campbell v. State*, 320 S.W.3d 338 (Tex. Crim. App. 2010).

In keeping with our disinclination to create bright-line rules constraining our equitable tolling analysis, we decline to hold that the failure to file a protective petition alone prevents a prisoner from receiving equitable tolling. We note, additionally, that Palacios's failure to file a protective federal habeas petition is mitigated by (1) the limited time period—13 days—in which he had to file it, and (2) the allegation that he lacked access to his file until after the expiration of the AEDPA limitation period. Under the circumstances, Palacios's failure to file a protective federal habeas petition weighs against, but is not dispositive of, the reasonable diligence inquiry.

## C.    Balancing

Acknowledging it is a close case, we affirm the district court's judgment that Palacios is not entitled to equitable tolling on the basis that he failed to exercise reasonable diligence. Weighed heavily in our analysis is Palacios's lengthy, unexcused delay in hiring an attorney. We grant that it may take time for a state prisoner without full access to phones and internet to find, meet with, and retain an attorney. We allow also that it may be proper for us to exempt from consideration time spent by prisoners in administrative segregation and medical and psychiatric wards. *See, e.g.*, *Fisher*, 174 F.3d at 715 ("We have recognized the possibility that mental incompetency might support equitable

tolling of a limitation period. Combined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a *pro se* petitioner such as Fisher simply cannot pursue his legal rights during such a period.") (citation omitted).    But Palacios took seven months to retain an attorney—more than half of the limitation period—and, notably, does not offer a reason for the delay.  Moreover, after having discharged his attorney with two weeks remaining on his AEDPA limitation period—giving him a chance to meet the deadline notwithstanding his attorney's alleged misconduct—he did not file a protective federal habeas petition to preserve his federal remedies.  The district court found that, under the circumstances, two weeks was enough time "to allow [Palacios] to take action to preserve his federal rights."  We agree.  In short, though Palacios demonstrated reasonable diligence during the latter half of the limitation period, it was not enough to make up for his earlier and subsequent delay.[6]

## CONCLUSION

The district court's dismissal of Palacios's federal habeas petition is AFFIRMED.

---

[6] Having so concluded, we decline to decide whether his attorney's alleged misrepresentation and abandonment qualifies as an "extraordinary circumstance," and whether it "prevented" timely filing. *See Manning*, 688 F.3d at 184–90 ("assum[ing] without deciding" that the "extraordinary circumstance" prong is satisfied); *Arita*, 500 F. App'x at 354 ("We need not decide whether Williams's conduct was merely negligent or, to the contrary, sufficiently egregious to be considered rare and extraordinary; Arita is not entitled to equitable tolling anyway, because he failed to pursue his rights diligently.").  We trust that the allegations of attorney misconduct raised in this appeal have been investigated and resolved by the Texas Office of the Chief Disciplinary Counsel, to whom petitioner's grievance was addressed.