# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2014

Lyle W. Cayce
Clerk

JERRY WAYNE GREEN,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-110

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Jerry Wayne Green, Texas prisoner # 1340952, was convicted of murder and sentenced to 80 years of imprisonment. The district court dismissed his 28 U.S.C. § 2254 application as time barred. We granted Green a certificate of appealability (COA) on the question of whether he is entitled to equitable tolling of the limitation period because he did not learn until the day the limitation period expired that the Texas Court of Criminal Appeals (TCCA)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had denied his state postconviction application and that postconviction counsel would not be filing a § 2254 application as promised by counsel.

We disagree with the respondent that Green has abandoned consideration of the district court's decision to deny him equitable tolling. *See Williams v. Cain*, 217 F.3d 303, 305 (5th Cir. 2000). Nevertheless, for the following reasons, we affirm.

Green is entitled to equitable tolling of the limitation period if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Green has the burden of establishing that he is entitled to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). The district court's decision to deny him equitable tolling is reviewed for an abuse of discretion. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

"[A]ttorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes." *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012) (relying on *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012)), *cert. denied*, 133 S. Ct. 1633 (2013). Assuming without deciding that Green has met his burden of proving attorney abandonment, we conclude that Green fails to show that he acted with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citation omitted). "The act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Manning*, 688 F.3d at 185 (internal quotation marks and citation omitted). Green hired postconviction counsel with, at most, six months remaining in the limitation period. He offers no evidence that he made any effort to ensure that counsel

would file his state postconviction application with enough time remaining in the limitation period to seek § 2254 relief should the TCCA deny relief. *Cf. Palacios v. Stephens*, 723 F.3d 600, 607 (5th Cir. 2013). He also admits that he failed to ensure during the three-year pendency of his state application that his § 2254 application would be filed once the TCCA denied relief. *Cf. Holland*, 560 U.S. at 652-53; *Manning*, 688 F.3d at 184-86. Accordingly, he has failed to show that the district court abused its discretion in denying him equitable tolling.

The judgment of the district court is AFFIRMED. Green's motion for leave to file a supplemental brief is GRANTED.