March 31, 2015

**URGENT MATTER !!**

TO: ABEL ACOSTA, THE CLERK FOR THE COURT OF CRIMINAL APPEALS OF TEXAS
RE: PETITION FOR DISCRENTIONARY REVIEW EXTENSIONS OF TIME FILING DATE.

Mr. Acosta I am writing you concerning a signed affidavit you supplied to the United States District Court for The Southern District of Texas, Houston Division. In the affidavit you state that the Court gave me a time exextension until January 7, 2013. However you are mistaken. as you can see from the card which I still have but have copied in order to proved proof to you the actual extension date i recieved was in fact January 28, 2013.

Due to your affidavit and the states respondent's ) misrepresentation of the date being January 7, 2013. The federal court has ruled my habeas writ is time barred. while it is clear that the Magistrate judge did not review my actual objection, nor did the presiding Judge if they had they would have seen the same copy I have provided you with.

The ruling surprised me but it only goes to prove the system that Texas has in place is somewhat corrupt and is nothing mor than a rubber stamp. I have very relevant issues in my habeas. I did not recieve a fair hearing during my state habeas and now the federal have also ignored my constitutional claims.

I am asking you to re-check your files and to contact the proper officials as to your finding. I would ask you to re-track your affidavit stating that the extension i recieved was until January 7, 2013 and supply an affidavit stating that the date was in fact january 28, 2013 as I the petitioner had so stated in my objections and habeas writ.

I thank you for your help with this matter. Kelleh Conteh,TDC # 01737652, Estelle Unit, 264 FM 3478, Huntsville TX 77320.

**RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 06 2015**

X *[signature]*

**Abel Acosta, Clerk**

**OFFICIAL BUSINESS**
**STATE OF TEXAS**
**PENALTY FOR**
**PRIVATE USE**

Tuesday, November 2012
Re: Case No. PD-Court Case
COA#: 14-11-00—CR
STYLE: CONTEH, KELLEH MICHAEL





.02 1R
0006557458
$ 00.33⁰
DEC 16 2013
MAILED FROM ZIP CODE 78701

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the petition has been extended to Monday, January 28, 2013.

NO FURTHER EXTENSIONS WILL BE ENTERTAINED.

NOTE: Petition For Discretionary Review must be filed with The Court of Criminal Appeals.

*E1201 E1201*

Abel Acosta, Clerk

COPY

KELLEH MICHAEL CONTEH
ESTELLE UNIT   TDC# 01737652
264 FM 3478
HUNTSVILLE TX 77320

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLEH MICHAEL CONTEH | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-14-0284 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 3).

## Background

On August 17, 2011, Conteh was convicted of aggravated sexual assault of a child and sentenced to fifty-five years in prison. The Fourteenth Court of Appeals affirmed his conviction on October 9, 2012. Conteh was given an extension of time until January 7, 2013 to file a petition for discretionary review (PDR). He did not file a PDR. On January 14, 2014, Conteh filed a state court application for writ of habeas corpus, and the Texas Court of Criminal Appeals dismissed the application as noncompliant on April 16, 2014.[1] Conteh filed this federal petition for writ of habeas corpus on January 14, 2014.

---

[1] Dkt. 7-22 at 1. This court previously issued a Memorandum and Recommendation (Dkt. 4), recommending that Conteh's petition be dismissed without prejudice as unexhausted because his state court writ application was still pending at that time. The prior Memorandum and Recommendation (Dkt 4), which has not been adopted by the district court, is vacated.

## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Conteh's conviction became final when his time for filing a petition for discretionary review expired on January 7, 2013.[2] His one-year statute of limitations under AEDPA expired on January 7, 2014 absent statutory or equitable tolling. 28 U.S.C. § 2244(d)(2).

Conteh's state application does not toll the limitations period because it was filed after

---

[2]   Conteh contends that his time for filing a PDR was January 28, 2013. Dkt. 10 at 1. There is no evidence to support this assertion. The Government has presented the affidavit of a Deputy Clerk of the Court of Criminal Appeals confirming that an extension was granted until January 7, 2013. Dkt. 9-2 at 2. This is consistent with the on-line docket sheet for his appeal available at:
http://www.search.txcourts.gov/Case.aspx?cn=14-11-00721-CR&coa=coa14&p=1 (last viewed Feb. 13, 2015).

that period had already expired, *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), and because it was not a properly filed application, *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999).

Equitable tolling is available to extend a prisoner's statute of limitation only where a prisoner can show that he pursued habeas relief with "reasonable diligence" and some "extraordinary circumstances" prevented timely filing his petition. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Nothing in the record supports equitable tolling of Conteh's statute of limitations.

## Conclusion and Recommendation

For the reasons stated above, the court recommends that Conteh's petition for writ of habeas corpus be denied with prejudice as time barred.

Additionally, the court finds that Conteh has not made a substantial showing that jurists of reason would find it debatable whether he has been denied a constitutional right or whether the court is correct in its procedural ruling. Therefore, the court recommends that a certificate of appealability not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 23, 2015.

Stephen Wm Smith
United States Magistrate Judge

3

| | |
|---|---|
| KELLEH MICHAEL CONTEH | § |
| | § |
| Petitioner, | § |
| | § |
| versus | § |
| | § |
| | § |
| WILLIAM STEPHENS, Director of the Texas | § |
| Department of Criminal Justice - Correctional | § |
| Institutions Division, | § |
| | § |
| Respondent. | § |

Civil Action 4:14-cv-00284

## Order of Adoption

On February 23, 2015, Magistrate Judge Stephen Wm. Smith issued a Memorandum and Recommendation (11) to which Petitioner filed objections (12). After considering the record and the law, the court adopts the Memorandum and Recommendation as its Memorandum and Order, denying Petitioner's claims with prejudice. The court will issue a separate final judgment.

Signed _March 18_, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge

KELLEH MICHAEL CONTEH                         §
                                              §
            Petitioner,                       §
                                              §
versus                                        §
                                              §
WILLIAM STEPHENS, Director of the Texas       §        Civil Action 4:14-cv-00284
Department of Criminal Justice - Correctional §
Institutions Division,                        §
                                              §
            Respondent.                       §

## Final Judgment

Kelleh Michael Conteh's petition for writ of habeas corpus is dismissed with prejudice.

Signed March 18 , 2015, at Houston, Texas.


                                              _____
                                                      Lynn N. Hughes
                                                United States District Judge