# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2018

Lyle W. Cayce
Clerk

No. 16-10724
Summary Calendar

YONY RENEA DIAZ,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-4104

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner Yony Renea Diaz, Texas inmate # 01314510, was convicted by a jury of murder and sentenced to life imprisonment. He filed a state habeas application that was pending in the state trial court for over three years and before the Texas Court of Criminal Appeals for an additional month before it was dismissed as non-compliant with the filing rules set forth in Texas Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellate Procedure 73.1.  Over eight months after that dismissal, Diaz filed a 28 U.S.C. § 2254 petition, which the district court dismissed with prejudice as time barred.  We granted a COA as to the district court's decision not to apply equitable tolling.

The one-year limitations period governing federal habeas petitions, 28 U.S.C. § 2244(d), is subject to equitable tolling in "rare and exceptional circumstances."  *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (internal quotation marks and citations omitted).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

We may affirm the district court's dismissal of Diaz's § 2254 petition on any ground supported by the record.  *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).  Without deciding whether this case presents an extraordinary circumstance, we are persuaded by the respondent's argument that Diaz did not pursue his rights diligently after his state habeas application was dismissed.  *See Holland*, 560 U.S. at 649.  The unexplained eight-month delay in the filing of his § 2254 petition is on par with other unexplained delays that we have held to be insufficient to demonstrate the diligence required for the application of equitable tolling. *See Palacios*, 723 F.3d at 606 (citing *Koumjian v. Thaler*, 484 F. App'x 966, 969-70 (5th Cir. 2012); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013)).  Accordingly, we affirm the district court's judgment on that basis.  *See Palacios*, 723 F.3d at 604.

AFFIRMED.