XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE
On this date, the Court considered the status of the above-captioned case. After considering the pending motions in this case, the parties' briefings, and the parties' arguments in open court, the Court hereby DENIES Defendants' Motion for Summary Judgment (Docket no. 17), GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Docket no. 18), and GRANTS Plaintiff's Motion for Discovery (Docket no. 23).
BACKGROUND
I. Factual Background
On March 20, 2018, Plaintiffs filed this Fair Labor Standards Act ("FLSA") suit on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b). Docket no. 1. Plaintiffs were employed by Defendant Drill Cuttings Disposal Company, L.L.C. ("DCDC"), which provides drill cuttings *858 disposal services to the oil and gas industry. Id. at 1. DCDC paid its oilfield employees, including Plaintiffs, on a day rate basis. Id. at 3-5. Plaintiffs allege that DCDC denied them overtime, even though they regularly worked well in excess of forty hours per week. Id. at 1. Plaintiffs further allege that all employees performed generally non-exempt jobs. Id. at 10.
Plaintiffs allege that Defendants Jeffrey Reddoch, Sr., Jeffrey Reddoch, Jr., Chiquita Reddoch, Allison Reddoch Reaux, Leah M. Reddoch O'Meara, Jeremiah M. Reddoch, and Sean M. Reddoch ("the Reddochs") and Defendant the Reddoch Development Company, LLC ("RDC") are the owners and executives of DCDC. Id. at 9. Plaintiffs allege that all Defendants are engaged in interstate commerce, governed by the FLSA, and are subject to the FLSA's recordkeeping requirements and overtime wage requirements. Id.
Plaintiffs also allege that all Defendants had the power to hire and fire DCDC's employees, including Plaintiffs, and regularly exercised that authority. Id. at 10. Plaintiffs allege that all Defendants set the amount of Plaintiffs' pay, set up DCDC's day rate plan, set Plaintiffs' work schedules, controlled Plaintiffs' job locations, and set the employment policies and rules applicable to Plaintiffs. Id. at 11. Plaintiffs allege that Defendants regularly scheduled Plaintiffs for 84 work hours per week, that Plaintiffs regularly worked 84 hours in a week, but that Plaintiffs were not paid overtime. Id.
II. Procedural History
Plaintiffs originally filed suit against DCDC on January 17, 2014. See Lynn v. Drill Cuttings Disposal Company , No. 5:14-CV-17-DAE (W.D. Tex.). In that case, DCDC moved to compel arbitration of Plaintiffs' claims. Plaintiffs state that they instituted arbitration before the American Arbitration Association ("AAA"), and under the terms of the arbitration agreement, DCDC was responsible for paying certain arbitration costs, including the arbitrator's compensation. Docket no. 1 at 2. Plaintiffs allege DCDC stopped paying certain arbitration costs when it was unsatisfied with the arbitrator's rulings, and eventually, AAA terminated the arbitration before there was any final award. Id.
Plaintiffs now return to this Court to litigate their claims. In this collective and class action, Plaintiffs seek unpaid wages and other related damages. They bring claims under the FLSA and the state laws of New Mexico, North Dakota, Pennsylvania, and Ohio. On May 7, 2018, the Court granted Plaintiffs' Motion for Conditional Certification and defined the class as "Solids control technicians employed by Drill Cuttings Disposal Company, L.L.C. in Texas and paid a day rate, at any time between January 7, 2011, and the present." Docket no. 7 at 3.
On June 27, 2018, Defendants filed a Motion for Summary Judgment (Docket no. 17) and Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Docket no. 18). On July 11, 2018, Plaintiffs filed a Motion for Discovery (Docket no. 23). On July 18, 2018, the Court held a status conference in this case and heard the parties' arguments on the pending motions.
ANALYSIS
I. Motion for Summary Judgment
A. Legal Standard
The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either *859 submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. Lavespere v. Niagara Machine & Tool Works, Inc. , 910 F.2d 167, 178 (5th Cir. 1990), cert. denied , 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. See Fields v. City of S. Hous. , 922 F.2d 1183, 1187 (5th Cir. 1991).
For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. See Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 250 n.4, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, the court should review all evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." Reeves v. Sanderson Plumbing Prods., Inc. , 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
B. Application
Defendants argue they are entitled to summary judgment because Plaintiffs' claims for unpaid overtime are barred under res judicata and by the statute of limitations.
First, Defendants argue that when DCDC compelled arbitration in 2015 in the earlier case between these parties, when the Court issued an order compelling arbitration, the order stated that "excepting the limited judicial review permitted by the Federal Arbitration Act, Plaintiffs' claims in this case are dismissed with prejudice." 5:14-CV-17-DAE, Docket no. 34. Defendants argue this order was a final judgment that dismissed Plaintiffs' claims with prejudice, and because those claims are the same issues in the present case, Plaintiffs' claims in this case are barred under res judicata. But as discussed in open court, arbitration did not proceed to resolution on the merits. Nothing in the Court's order compelling arbitration indicated that Plaintiffs' claims were dismissed with prejudice on the merits. This Court is not aware of any binding authority that suggests that Plaintiffs' claims are barred under res judicata where the earlier case was dismissed, sent to arbitration, but no final arbitration decision was made on the merits. Thus, the Court finds that Plaintiffs' claims are not barred under res judicata.
Next, Defendants argue that Plaintiffs' claims are time-barred. An action for unpaid overtime compensation under the FLSA must be commenced within two years after the cause of action accrued, unless that cause of action arises out of a willful violation, in which case it must be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a). Defendants argue that the latest possible date that Plaintiffs' cause of action could have accrued is the payday following their last day of employment with DCDC, which was in July 2014. Defendants argue that Plaintiffs would have had to file their complaint by July 2017 at the latest, but because this action was not commenced until March 20, 2018, Plaintiffs' claims are time-barred. But as discussed in open court, the attempts at arbitration did not *860 completely fall through until January 2018. Plaintiffs, thus, argue that they are entitled to equitable tolling because they were subject to the court-ordered arbitration and only commenced the present action because the arbitration fell through, specifically after DCDC failed to pay arbitration costs.
The Court finds that Plaintiffs are entitled to equitable tolling. The doctrine of equitable tolling "is read into every federal statute of limitation." Torabi v. Gonzales , 165 F. App'x 326, 331 (5th Cir. 2006) (quoting Holmberg v. Armbrecht , 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946) ). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson , 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is available only when a plaintiff diligently pursues his or her rights. Caldwell v. Dretke , 429 F.3d 521, 530 n.23 (5th Cir. 2005). The Court finds that the circumstances here warrant equitable tolling. Plaintiffs were unable to pursue their claims any further while arbitration was ongoing, and after arbitration was terminated, Plaintiffs diligently pursued their rights by filing the present action. Thus, the Court finds that Plaintiffs' claims are not time-barred.
II. Motion to Dismiss for Lack of Personal Jurisdiction
A. Legal Standard
District courts may exert personal jurisdiction over a defendant "if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 131 S.Ct. 2846, 2853, 180 L.Ed.2d 796 (2011) (quoting Int'l Shoe Co. v. Washington , 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ). The Supreme Court has determined that, "[t]here are two types of 'minimum contacts:' those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." Lewis v. Fresne , 252 F.3d 352, 358 (5th Cir. 2001) ; see Goodyear , 131 S.Ct. at 2853-54.
General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. Helicopteros Nacionales de Colombia, S.A. v. Hall , 466 U.S. 408, 414-19, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." Johnston v. Multidata Sys. Int'l Corp. , 523 F.3d 602, 609 (5th Cir. 2008). To confer general jurisdiction, a defendant must have a business presence in the forum state. Access Telecom, Inc. v. MCI Telecomm. Corp. , 197 F.3d 694, 717 (5th Cir. 1999). Injecting a product, even in substantial volume, into a forum's "stream of commerce," without more, does not support general jurisdiction. Bearry v. Beech Aircraft Corp. , 818 F.2d 370, 375 (5th Cir. 1987).
Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities." See Burger King v. Rudzewicz , 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted); Jones v. Petty-Ray Geophysical Geosource, Inc. , 954 F.2d 1061, 1068 n.9 (5th Cir. 1992). The Fifth Circuit has articulated a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward *861 the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." McFadin v. Gerber , 587 F.3d 753, 759 (5th Cir. 2009). The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state. Burger King , 471 U.S. at 474, 105 S.Ct. 2174. Specific jurisdiction also requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action.
B. Application
In their motion, Defendants argue RDC and the Reddochs are not subject to general jurisdiction because Plaintiffs fail to allege any facts or contacts contributable to them to justify an exercise of general jurisdiction over them in Texas. Defendants also argue that RDC and the Reddochs are not subject to specific jurisdiction because none of the alleged improper conduct was committed in or directed toward Texas and Plaintiffs seek to recover alleged payments DCDC failed to make, not RDC or the Reddochs.
Plaintiffs argue that RDC and the Reddochs are subject to specific jurisdiction. Plaintiffs point out that Reddoch, Jr. admits that he controls all business decisions and employment policies for DCDC, and he and Reddoch, Sr. are the main investors and managers of DCDC. Docket no. 22 at 14. Both individual Defendants control employment decisions, including pay, locations worked, and schedules. At the status conference, Defendants agreed that this Court has specific jurisdiction over Reddoch, Sr. and Reddoch, Jr., as well as over DCDC. Thus, the Court finds it has personal jurisdiction over DCDC, Jeffrey Reddoch, Sr., and Jeffrey Reddoch, Jr.
At this stage, however, as discussed in open court, the Court finds that Plaintiffs have failed to demonstrate that Defendant RDC and individual Defendants Chiquita Reddoch, Allison Reddoch Reaux, Leah M. Reddoch O'Meara, Jeremiah M. Reddoch, and Sean M. Reddoch are subject to personal jurisdiction. Plaintiffs do not sufficiently allege that these Defendants carried out roles and responsibilities similar to Reddoch, Sr. and Reddoch, Jr. to indicate that Plaintiffs state claims against them arising out of their sufficient contacts with the state of Texas. Plaintiffs also do not sufficiently allege sufficient contacts as to RDC. Further, the Court finds that these Defendants did not waive personal jurisdiction because they properly asserted and preserved their objection to personal jurisdiction when also moving for summary judgment.
Thus, the Court dismisses Defendant RDC and individual Defendants Chiquita Reddoch, Allison Reddoch Reaux, Leah M. Reddoch O'Meara, Jeremiah M. Reddoch, and Sean M. Reddoch from the case, subject to Plaintiffs' re-urging that the Court in fact has jurisdiction over them following further discovery.
III. Motion to Dismiss for Improper Venue
A. Legal Standard
Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action on the basis of improper venue. FED. R. CIV. P. 12(b)(3). Once challenged, the burden of sustaining venue lies with the plaintiff. See Langton v. Cbeyond Commc'n, LLC , 282 F.Supp.2d 504, 508 (E.D. Tex. 2003). If, as here, there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts that, taken as true, would establish venue. Id.
*862 The court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. Braspetro Oil Servs. Co. v. Modec (USA), Inc., 240 F. App'x. 612, 615 (5th Cir. 2007). In deciding whether venue is proper, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments." Ambraco, Inc. v. Bossclip B.V. , 570 F.3d 233, 238 (5th Cir. 2009).
Venue is appropriate in:
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
28 U.S.C. § 1391(b).
B. Application
Defendants argue that this case should be dismissed for improper venue or, in the alternative, that the case should be transferred to the Western District of Louisiana. Defendants argue that all Defendants are persons or entities in the States of Louisiana or Kentucky, and thus, venue is improper under 28 U.S.C. § 1931(b)(1). Defendants further argue that no allegations against them are alleged to have occurred within the State of Texas, and thus, venue is improper under § 1931(b)(2). Defendants argue that the Western District of Louisiana is a more convenient forum for this action.
Plaintiffs, on the other hand, argue that venue is proper in the Western District of Texas. Plaintiffs point out that courts have previously ruled that venue is proper in this District, and not in the Western District of Louisiana, for Plaintiffs' claims against DCDC. Also, the arbitration efforts, which ultimately fell through, took place in this District. Plaintiffs further argue venue is proper under § 1931(b)(2) because they were employed in this District, and thus, a substantial part of the events or omissions giving rise to their claims occurred in this District.
Defendants concede that venue is proper as to DCDC. Given that the Court has found, and Defendants concede, that the Court has personal jurisdiction over Jeffrey Reddoch, Sr., and Jeffrey Reddoch, Jr., and based on Plaintiffs' claims about their employment that allegedly occurred in this District, the Court finds that venue is proper as to Jeffrey Reddoch, Sr., and Jeffrey Reddoch, Jr. as well. The Court has, at this time, dismissed the remaining individual Defendants and RDC, so it need not determine if venue is proper as to them at this stage.
IV. Plaintiffs' Motion for Discovery
Plaintiffs ask the Court to allow for jurisdictional discovery on Defendants to determine if they are in fact subject to personal jurisdiction. As discussed above, the Court finds that at this point Plaintiffs have failed to show that RDC and individual Defendants Chiquita Reddoch, Allison Reddoch Reaux, Leah M. Reddoch O'Meara, Jeremiah M. Reddoch, and Sean M. Reddoch are subject to personal jurisdiction. But as discussed in open court, the Court dismisses these individual Defendants subject to Plaintiffs re-urging that these Defendants are in fact subject to personal jurisdiction in this case. Thus, to the extent discussed in open court, the *863 Court grants Plaintiffs' motion for jurisdictional discovery to determine what roles and responsibilities these individual Defendants and RDC had with regard to Plaintiffs' claims.
CONCLUSION
For the foregoing reasons, the Court DENIES Defendants' Motion for Summary Judgment (Docket no. 17), GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Docket no. 18), and GRANTS Plaintiffs' Motion for Discovery (Docket no. 23). Defendant RDC and individual Defendants Chiquita Reddoch, Allison Reddoch Reaux, Leah M. Reddoch O'Meara, Jeremiah M. Reddoch, and Sean M. Reddoch are hereby DISMISSED for lack of personal jurisdiction.
It is so ORDERED.