ALIA MOSES, United States District Judge
The Plaintiff's Opposed Motion for Equitable Tolling of Statutes of Limitation on Claims of Putative Collective Action Members *1108 (ECF No. 24) is pending before the Court. The Court conditionally certified this Fair Labor Standards Act suit as a collective action by the entry of an agreed conditional certification order ("the Certification Order") on May 15, 2018. On May 14, 2018, the day prior to the entry of the Certification Order, the Plaintiff filed the pending motion for equitable tolling. In the motion, the Plaintiff asks the Court to equitably toll the applicable statute of limitations from March 20, 2018 - the date the parties moved for the Court's approval of their stipulation of conditional certification - to May 15, 2018, the date on which the Court entered the Certification Order. (Pl.'s Mot. 1, ECF No. 24.)
A general claim for a FLSA violation is subject to a two-year statute of limitations which is extended one additional year for claims involving a "willful" violation. 29 U.S.C. § 255(b). The limitations period for a FLSA collective action runs until the plaintiff or a putative class member opts-in by filing a notice of consent or filing suit. Id. § 256. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." United States v. Patterson , 211 F.3d 927, 930 (5th Cir. 2000) (per curiam). Relying primarily on Holmberg v. Armbrecht , 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946), which held that the limitations period of every federal statute is subject to equitable tolling, federal district courts have expressed a willingness to equitably toll the FLSA's limitations period in appropriate circumstances. See, e.g., Gutierrez v. Drill Cuttings Disposal Co. , 319 F.Supp.3d 856, 860 (W.D. Tex. 2018) ; Ferguson v. Tex. Farm Bur. , 307 F.Supp.3d 577, 581-82 (W.D. Tex. 2018) ; Shidler v. Alarm Sec. Grp., LLC , 919 F.Supp.2d 827, 831 (S.D. Tex. 2012).
Whether to equitably toll a limitations period is a decision that lies within a district court's discretion. Fisher v. Johnson , 174 F.3d 710, 713 (5th Cir. 1999). Nevertheless, the Fifth Circuit has cautioned that equitable tolling should only be applied in "rare and exceptional circumstances." Davis v. Johnson , 158 F.3d 806, 811 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Patterson , 211 F.3d at 930 (quotation omitted). Although equitable tolling is a power that should be employed "sparingly," courts have been willing to use it where the plaintiff diligently has pursued relief but an extraordinary circumstance stood in his way. See United States v. Petty , 530 F.3d 361, 365 (5th Cir. 2008) (per curiam) (quotation omitted); see also Sandoz v. Cingular Wireless , LLC, 700 F. App'x 317, 320 (5th Cir. 2017) (per curiam). An "extraordinary circumstance" is one that "derives from some external obstacle to timely filing beyond the plaintiff's control, not from self-inflicted delay." Sandoz , 700 F. App'x at 320. Further, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland v. Florida , 560 U.S. 631, 653, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal citations and quotations omitted); accord Henderson v. Thaler , 626 F.3d 773, 778 (5th Cir. 2010). "Whether diligence is reasonable is an equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance." Palacios v. Stephens , 723 F.3d 600, 605 (5th Cir. 2013) (quotations omitted). Thus, whether a limitations period should be equitably tolled depends on the facts and circumstances of each case. Patterson , 211 F.3d at 931. "The party who *1109 invokes equitable tolling bears the burden of proof." Teemac v. Henderson , 298 F.3d 452, 457 (5th Cir. 2002).
To support his request for equitable tolling, the Plaintiff relies largely on the decision announced in Shidler v. Alarm Security Group, LLC. In Shidler , the district court granted a FLSA collective action plaintiff's motion for equitable tolling of the statute of limitations where an agreed motion for conditional certification was pending for seven months. 919 F.Supp.2d 827, 831 (S.D. Tex. 2012). In granting the motion for equitable tolling, the Shidler Court noted that the plaintiff had been diligent in pursing his rights: he sought certification of the collective action shortly after the defendant answered, the parties quickly thereafter provided the Court with an agreement concerning conditional certification, and the delay between submitting the agreement and obtaining court approval was attributable to the need to obtain more information about the corporate structure of the defendant which was entirely beyond the plaintiff's control. Id. at 829-31. For these reasons, the Shidler Court was willing to conclude that the situation presented was sufficiently unique to warrant equitable tolling. Id. at 831. Similarly, the District Court in Ferguson v. Texas Farm Bureau partially granted a motion to equitably toll the FLSA limitations period to account for the time lapse between the issuance of a report and recommendation on a motion for conditional certification to the date the district court issued its order adopting the recommendation and formally certifying the collective action. 307 F.Supp.3d 577, 582 (W.D. Tex. 2018). In granting that request for relief, the Court reasoned that once the decision concerning certification of the collective action was solely in its hands, it was beyond the plaintiffs' control and they should not be penalized for time spent awaiting a signed order. See ids="12524936" index="26" url="https://cite.case.law/f-supp-3d/307/577/#p581">id. ; see also Davis v. Flare Ignitors & Rentals, Inc. , No. 5:11-CV-450-OLG, 2012 WL 12539328, at *2, 2012 U.S. Dist. LEXIS 191308, at *6 (W.D. Tex. Mar. 19, 2012) (unpublished) (granting motion for equitable tolling of limitations period simultaneously with order granting motion to conditionally certify FLSA collective action); Hernandez v. Caviness Packing Co. , No. 2:07-CV-142-J, 2008 WL 11183755, at *2, 2008 U.S. Dist. LEXIS 121617, at *5 (N.D. Tex. June 2, 2008) (unpublished) (tolling FLSA limitations period for entire pendency of motion to certify collective action as time pending was not attributable to the parties).
Drawing guidance from decisions made in similar circumstances, the Court concludes that it is appropriate to equitably toll the limitations period from the date the parties submitted their stipulation on conditional certification through the date the Court signed the Certification Order. Significantly, the Plaintiff has been diligent in pursuing his request. He initially moved for conditional certification approximately 30 days after the Defendant answered and arrived at an agreement on certification with the Defendant approximately two weeks later. The parties formally filed their stipulation 11 days later on March 20, 2018. Once the stipulation was submitted for the Court's consideration, the issue was beyond the Plaintiff's control.
The arguments the Defendant makes in opposition to the Plaintiff's request are that there is nothing "rare and exceptional" about the time that passed between when the parties submitted their stipulation and obtained the Certification Order, and that Shidler is factually distinguishable because the defendant in that case bore some responsibility for the time it took to obtain the information that the Court required to make its certification *1110 decision. (Def.'s Resp. 2-3, ECF No. 27.) These arguments are not persuasive however because the Defendant has not directed the Court's attention to any factually apposite decisions while the Plaintiffs have, and courts must consider decisions made in other similar cases for guidance when deciding whether to equitably toll a limitations period. Palacios , 723 F.3d at 605. Moreover, in the Court's view, exercising the power to equitably toll the limitations period in this suit is consistent with the admonition that it be used "sparingly." Accordingly, the Plaintiff's Opposed Motion for Equitable Tolling of Statutes of Limitation on Claims of Putative Collective Action Members [ECF No. 24] is GRANTED. IT IS THEREFORE ORDERED that the limitations period applicable to the collective action Plaintiffs' claims is tolled for 56 days from March 20, 2018, through May 15, 2018.